Murdock A. BUCHANAN

v.

MARTIN MARIETTA CORPORATION.

Supreme Judicial Court of Maine.

Argued May 2, 1985.

Decided July 5, 1985.

Dunlap & O'Brien, Mark Dunlap (orally), Portland, for plaintiff.

Kelly, Remmel & Zimmerman, Graydon G. Stevens (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant, Martin Marietta Corporation, appeals from a judgment entered in favor of the plaintiff, Murdock A. Buchanan, after a jury verdict in Superior Court, Cumberland County, finding that the parties had entered into an employment contract that was breached by the defendant's termination of the plaintiff's employment. We affirm the judgment of the Superior Court.

I.

The plaintiff was initially hired as a cement sales representative by the defendant's predecessor in 1960. In 1969, because of a corporate reorganization the plaintiff was assigned to a position as terminal manager. The defendant assured him this was a temporary arrangement, and he would soon be reassigned as a salesman. After four years as a terminal manager, the plaintiff voluntarily left the defendant's employ and began working as a cement salesman for one of its competitors.

After approximately seventeen months of highly successful sales effort in this employment, in the summer of 1974, representatives of the defendant approached the plaintiff to discuss the defendant's reemployment of the plaintiff. Several meetings were held, culminating in a meeting on August 9, 1974, when the plaintiff met with Frank Anderson, the president of the defendant's eastern cement division, and three other corporate officials. It was at this meeting that the plaintiff accepted the defendant's offer to return to work. On July 31, 1978, the defendant terminated the plaintiff's employment.

The plaintiff initiated this action in August 1979, seeking recovery from the defendant for wrongful termination in breach of an employment contract, age discrimination, and retaliatory discharge in violation of public policy. The trial court reserved ruling on the defendant's motions for a directed verdict at the conclusion of the plaintiff's case and at the close of all the evidence and submitted the case to the jury. The jury rejected the plaintiff's claims of age discrimination and retaliatory discharge. By special verdict, however, the jury found that the plaintiff and the defendant had entered into a binding contract whereby the defendant became obligated to employ the plaintiff until his retirement. Also finding that the defendant breached this obligation by terminating the plaintiff's employment, the jury awarded the plaintiff damages. The trial court denied the defendant's motions for directed verdict and ordered judgment to be entered for the plaintiff. The defendant's motion for judgment notwithstanding the verdict or, alternatively, for a new trial, was also denied. The defendant appeals, contending, as it did before the trial court, that the evidence was insufficient to support the jury's finding that the plaintiff and defendant had entered into an employment contract not terminable at the will of the defendant.[1]

## II.

◼ When reviewing the denial of motions for a directed verdict and for judgment notwithstanding the verdict, we determine whether the verdict can be sustained by any reasonable view of the evidence, including all justifiable inferences to be drawn therefrom, taken in the light most favorable to the party in whose favor the verdict was rendered. *Cyr v. Michaud,* 454 A.2d 1376, 1379–80 (Me.1983).

◼ In Maine, it has long been the rule that a contract of employment for an *indefinite* term is terminable at the will of either party. *Terrio v. Millinocket Community Hospital,* 379 A.2d 135, 137 (Me. 1977); *Merrill v. Western Union Telegraph Company,* 78 Me. 97, 100, 2 A. 847, 848 (1886).[2] In the instant case, however, plaintiff has alleged and the jury found that he and the defendant entered into a contract for a definite term, viz, until his retirement date in 1991.

The defendant does not dispute that Frank Anderson was authorized by the defendant to hire the plaintiff. Our careful review of the record discloses that the testimony of the plaintiff was the only evidence presented to the jury about the meeting of the plaintiff with Frank Anderson and the defendant's three other corporate officers. The plaintiff testified that at the August 9 meeting, Frank Anderson handed him a letter from the vice-president of administration for the defendant's eastern cement division concerning the plaintiff's status with regard to pension and benefits if

**1.** The defendant makes no argument based upon the Statute of Frauds.

**2.** Recently, in *Larrabee v. Penobscot Frozen Foods, Inc.,* we reaffirmed that rule and carved out an exception:

[P]arties may enter into an employment contract terminable only pursuant to its express terms—as "for cause"—by clearly stating their intention to do so, even though no consideration other than services to be performed or promised is expected by the employer, or is performed or promised by the employee.

486 A.2d 97, 99–100 (Me.1984); *accord Wyman v. Osteopathic Hospital of Maine, Inc.,* 493 A.2d 330, 334 (Me.1985).

he were to return to the defendant's employ. Anderson and the plaintiff then discussed the other terms of the plaintiff's employment with the defendant. Anderson told the plaintiff that he would have continuous service from 1962 through his retirement date in 1991. The plaintiff accepted reemployment with the defendant with the understanding that as long as he did his job, he would have a job until his retirement in 1991.

■ This evidence together with the reasonable inferences that arise therefrom was sufficient to support the jury's finding that a contract of employment for a definite term existed between the plaintiff and the defendant. *See Terrio v. Millinocket Community Hospital,* 379 A.2d at 139. Accordingly, there was no error in the trial court's denial of the defendant's motion to set aside the verdict or, alternatively, to grant a new trial. *Seiders v. Testa,* 464 A.2d 933, 935 (Me.1983).

The entry is:

Judgment affirmed.

All concurring.