Roger V. BIRON et al.

v.

Jean L. MILLS et al.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1986.
Decided Jan. 6, 1987.

Skelton, Taintor, Abbott & Orestis, Bryan M. Dench (orally), Norman J. Rattey, Auburn, for plaintiffs.

Hale & Hamlin, Barry K. Mills (orally), Ellsworth, for defendants.

Before McKUSICK, C.J., and
NICHOLS, ROBERTS, WATHEN,
GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

Plaintiffs Roger and Marion Biron appeal from a Superior Court, Hancock County, judgment in favor of the defendants in their suit for specific performance and damages for the breach of a contract to sell real estate in Trenton, Maine. They contend that the court erred as a matter of law in concluding (1) that Estelle Springer, a local real estate broker with whom the plaintiffs negotiated, was not the agent of the defendant-seller, Jean Mills, and (2) that the failure of the plaintiffs to communicate in a timely manner their acceptance of the defendant Jean Mills' counteroffer meant that no contract was created. We affirm the judgment.

The plaintiffs own land situated along Route 3 in Trenton near Bar Harbor, having previously purchased the property from the defendants' father, Phillips Lord. Lord also owned the property adjoining that of the plaintiffs, which passed under his will to Jean Mills and four other devisees, defendants Floyd, David, John E. and Stephen A. Mills, as tenants in common. The plaintiffs, who used their property as both a personal residence and as a retail moccasin gift shop, desired to expand their property by seeking to obtain a portion of the adjoining property then owned by the defendants.

The plaintiffs learned that the adjacent property was for sale upon seeing real estate signs on the property in question, the signs bearing Estelle Springer's name and telephone number. Springer had previously acted as the real estate agent for Jean Mills under an exclusive listing agreement. That exclusive listing agreement, however, had terminated on October 17, 1980. The plaintiffs asked Springer about the possibility of purchasing a portion of the defendants' property. After corresponding with Jean Mills, Springer presented the plaintiffs with a "Contract for the Sale of Real Estate." The plaintiffs signed the agreement in Springer's presence on June 30, 1982, and gave Springer one hundred dollars in earnest money which Springer deposited in her earnest money account.

Following additional correspondence between Springer and Jean Mills, on August 7, 1982, Jean Mills mailed to Springer two copies of the agreement containing Jean Mills' signature and several amendments. Springer presented a copy of the agreement as amended to the plaintiffs, who also added an additional amendment at the request of Springer and Jean Mills.

In reliance on what they believed to be a fully executed agreement, in August of 1982 the plaintiffs hired a surveyor to begin surveying the property under the terms of the purchase and sale agreement. The surveyor began work but ceased after two days. Upon his return one week later, he informed the plaintiffs that the land had been sold to someone else and that he would no longer be working for them. The plaintiffs immediately tendered $5,000 in cash to Springer as a down payment on the property, but Springer refused to accept the payment. It later transpired that on November 18, 1982, the entire adjoining parcel of land was conveyed by warranty deed to Finlay Matheson of Miami, Florida, by Jean Mills and the other co-tenants of the property.

The plaintiffs initiated this suit in Superior Court on September 20, 1982, concurrently filing a notice of *lis pendens* in the Hancock County Registry of Deeds. On April 5, 1983, the four other tenants in common of the Trenton property were joined as defendants with Jean Mills. On the same date, Finlay Matheson was substituted for Jean Mills on the issue of specific performance; Jean Mills remained as a named defendant only on the issue of damages. The case was tried without jury and judgment was entered for the defendants. This appeal followed.

## I.

■ The plaintiffs' primary argument is that the Superior Court erroneously concluded that Springer was not the agent of defendant Jean Mills. The court made the following findings on the issue of agency:

On August 7, 1982, Plaintiffs signed a "Contract for Sale of Real Estate" ...,[1] which was prepared by Estelle Springer, a real estate agent. Estelle Springer, at the time the contract for sale of real estate was drafted by her, was not the agent of Jean L. Mills, the original defendant in this action. Estelle Springer was previously acting as a real estate agent for Jean L. Mills under an "exclusive right to sell agreement" covering the same premises, which agreement ... terminated on October 17, 1980.

The plaintiffs argue that the court's conclusion that no agency relationship existed is erroneously premised on the termination of the exclusive listing agreement between Springer and Jean Mills, i.e., on the absence of an express agency relationship. The plaintiffs also contend that the court failed to take into account the parties' subsequent conduct, which established the existence of an apparent agency relationship between Jean Mills and Springer. The trial justice therefore erred as a matter of law on the issue of agency, according to the plaintiffs. We disagree.

The plaintiffs failed to request that the Superior Court make findings of fact, as authorized by M.R.Civ.P. 52(a). We must therefore assume that the trial justice found for the defendants on all factual issues necessary to support the decision. *O'Halloran v. Oechslie,* 402 A.2d 67, 69 (Me.1979). Those factual findings will not be set aside unless shown to be clearly erroneous. *Harmon v. Emerson,* 425 A.2d 978, 981 (Me.1981).

As distinguished from actual authority, apparent authority is "that which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing." *Libby v. Concord General Mutual Insurance Co.,* 452 A.2d 979, 982 (Me.1982), quoting *Stevens v. Frost,* 140 Me. 1, 7, 32 A.2d 164, 167–68 (1943).[2] As applied to the present facts, the issue is whether the principal (Jean Mills) knowingly held out Springer as her agent, leading third persons (the Birons) to believe that Springer was in fact the agent of Jean Mills. Since neither party requested findings of fact, it must be assumed that the trial justice took into account not only the termination of the exclusive listing agreement but *all* of the relevant facts necessary to reach his ultimate conclusion on the issue of agency. *O'Halloran,* 402 A.2d at 69. Although the evidence on the question of agency was conflicting, it does not compel a finding that plaintiffs met their burden of demonstrating that Estelle Springer was acting as the agent of Jean Mills or was held out to be such by Jean Mills. The court's factual findings are therefore not clearly erroneous.

## II.

■ The plaintiffs' second argument is that the Superior Court erroneously concluded that the plaintiffs failed to communicate their acceptance of Jean Mill's counteroffer in a timely fashion, rendering the contract unenforceable. The court specifically found the following:

The court finds that plaintiffs mailed to Jean L. Mills an offer for the purchase of the premises which are the subject of this action....

Jean L. Mills amended the offer made by the plaintiffs and forwarded the document which the court construes to be at that point a counter-offer to the plaintiffs. Plaintiffs testified that they ac-

1. The plaintiffs apparently signed the agreement on June 30, 1982, rather than on August 7, 1982.

2. *See also Moreau v. James River-Otis, Inc.,* 767 F.2d 6, 9–10 (1st Cir.1985); *Brown v. Manches-ter,* 384 A.2d 449, 453 n. 4 (Me.1978); *Frye v. E.I. duPont deNemours & Co.,* 129 Me. 289, 296–297, 151 A. 537, 540–541 (1930); *Restatement (Second) of Agency* § 8 (1958).

cepted the counter-offer, but there is no evidence that the acceptance was communicated to defendant Jean L. Mills. The court concludes as a matter of law that there was no binding contract between defendant Jean L. Mills and plaintiffs. The plaintiffs do not challenge the court's factual finding that there was no direct communication of their counteroffer to Jean Mills, but contend that their timely communication of acceptance to Springer, whom they argue was defendant Mills' agent and acting within the scope of her agency, was sufficient to create a binding contract between them and defendant Jean Mills. However, because we have concluded that the court's finding that no agency relationship, real or apparent, existed between the seller and broker is not clearly erroneous, the communication of the plaintiffs' intention to accept to the *broker* failed to operate as a communication of their acceptance to the *seller*. The uncommunicated intention was insufficient to constitute an acceptance so as to create a binding contract. *Zamore v. Whitten,* 395 A.2d 435, 439 (Me. 1978). Because there was no mutual assent to be bound by the contract terms, no legally binding contract came into existence. *Id.* at 440; *Sevigny v. Home Builders Association of Maine, Inc.,* 429 A.2d 197, 202 (Me.1981).

The trial justice therefore did not err in concluding that no agency relationship existed between the seller and broker, and that, as a matter of law, the plaintiffs had failed to establish the existence of an enforceable contract between themselves and the defendants.

The entry is:

Judgment affirmed.

All concurring.