## F. Donald LeGAULT

### v.

## EASTERN MAINE MEDICAL CENTER et al.

Supreme Judicial Court of Maine.

Argued March 6, 1987.

Decided April 1, 1987.

Martha J. Harris (orally), Paine, Lynch & Harris, Bangor, for plaintiff.

Edith A. Richardson (orally), David C. King, Rudman & Winchell, Bangor, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant, Eastern Maine Medical Center (EMMC), appeals from a judgment of the Superior Court, Penobscot County, entered against it on a jury verdict awarding damages to the plaintiff, F. Donald LeGault, for the breach of his employment contract by EMMC. Because we agree with the contention of EMMC that the evidence was insufficient to support the verdict of the jury, we vacate the judgment and do not address the cross-appeal of LeGault.

The following pertinent evidence was presented to the jury at the trial of the case: LeGault was hired by the Director of Fiscal Services for EMMC as the Patient Accounts Manager for an indefinite period of time. At the time he was interviewed and hired, LeGault was told by the Director that LeGault's job would last as long as he "was doing his job." Within one year of being hired, LeGault's employment was terminated for the stated reason that he had failed to reduce the accounts receivable of EMMC.

The trial court denied the motions of EMMC for a directed verdict, judgment notwithstanding the verdict and for a new trial. EMMC appeals and LeGault cross-appeals from the judgment.

That a contract of employment for an indefinite period of time is terminable at the will of either party has long been the rule in Maine. *See Terrio v. Millinocket Community Hospital*, 379 A.2d 135, 137 (Me. 1977). In *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 99–100 (Me. 1984), we held that "parties may enter into an employment contract terminable only pursuant to its express terms—as 'for cause'—by clearly stating their intention to do so, even though no consideration other than services to be performed or promised is expected by the employer, or is performed or promised by the employee."

The precise issue in the instant case is whether viewing the evidence, including all justifiable inferences to be drawn therefrom, in a light most favorable to LeGault, the parties clearly stated their intention to enter into an employment contract that by its express terms could not be terminated at the will of the employer. *See Buchanan v. Martin Marietta Corp.*, 494 A.2d 677, 678 (Me. 1985); *Cyr v. Michaud*, 454 A.2d 1376, 1379–80 (Me. 1983). We hold that the parties did not and accordingly the employment of LeGault by EMMC could be terminated at the will of EMMC. *See Larrabee v. Penobscot Frozen Foods*, 486 A.2d

at 99–100; *Broussard v. CACI, Inc.-Federal,* 780 F.2d 162, 163 (1st Cir.1986). For the same reason, we need not discuss the issues raised in LeGault's cross-appeal.

The entry is:

Judgment vacated; remanded to the Superior Court for entry of judgment for Eastern Maine Medical Center.

All concurring.