Sheila RANCOURT

v.

WATERVILLE
OSTEOPATHIC HOSPITAL.

Supreme Judicial Court of Maine.

Argued May 1, 1987.
Decided June 17, 1987.

Joseph M. Jabar (orally), Daviau, Jabar and Batten, Waterville, for plaintiff.

Peter H. Jacobs (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

Sheila Rancourt appeals from a judgment of the Superior Court, Kennebec County, granting Waterville Osteopathic Hospital's motion for summary judgment. Rancourt contends that the court erred: (1) in ruling on the hospital's motion for leave to file a summary judgment motion after the filing of an expedited pretrial order, in violation of an administrative order regarding civil case flow expedition, and (2) in concluding that there existed no genuine issues of material fact as to an alleged oral contract for lifetime employment. We affirm the judgment.

Sheila Rancourt was an employee of Waterville Osteopathic Hospital from 1968 until her termination on June 20, 1984. The stated reason for her discharge was her failure adequately to perform her job responsibilities. After pursuing the hospital's grievance procedure, Rancourt filed a complaint seeking damages and contesting her termination. On appeal, Rancourt relies only on Count II of her amended complaint, alleging that "[o]n or about March 1, 1984, Dr. Littman [sic], a duly authorized agent of the Defendant told the Plaintiff that she would never have to worry about losing her job." She further contends that this statement entitled her to continuing employment with the hospital and that her termination violated the employment agreement.

The Superior Court entered an expedited pretrial order on March 4, 1985, that required all discovery to be completed by August 1st of that year. The case was thereafter scheduled for jury trial on a trailing docket on five separate occasions, but a trial was never commenced because the case was not reached. Immediately before the final date set for trial, the defendant filed a motion to continue on the ground that it had obtained different counsel who would require additional time to prepare for trial. A justice of the Superior Court granted the motion without a hearing. The plaintiff noted her objection to

the granting of the continuance by letter addressed to the Clerk of the Superior Court.

The defendant then sought leave of court to file a motion for summary judgment. After a hearing before a second Superior Court justice, the motion was granted over the plaintiff's objection. This justice then entered summary judgment for the defendant, concluding that there were no genuine issues as to any material facts.

## I.

■ We first discuss the plaintiff's contention that the defendant's filing of a motion for summary judgment after having obtained leave to do so was in violation of an administrative order adopted by the Law Court on January 2, 1986, entitled an "Administrative Order in Regard to Civil Case Flow Expedition in All Counties of the State" (hereinafter "administrative order").[1] Paragraph 5 of that order states in pertinent part:

> After the date established by the court's order for the completion of discovery, no party shall file any motion except motions pertaining to the trial of the case, such as Motions in Limine.

Me.Rptr., 498–509 A.2d CXIX, CXXI (effective February 1, 1986).

The administrative order established a program for civil case flow management in all counties of the State, and was "designed to minimize the time during which a civil case remains pending in Superior Court." *Thorne v. Pickering,* 519 A.2d 718, 720 n. 3 (Me.1987). In particular, the administrative order seeks to reduce long docket delays and unnecessary expense by establishing a procedure, modeled after the system currently employed in the District of Columbia, whereby actions deemed to be not complex by a Superior Court justice who has reviewed the case are placed on an expedited pretrial list with fixed discovery deadlines and no pretrial memoranda or conference. All other actions proceed in the normal fashion under the Maine Rules of Civil Procedure. A court may, in its discretion, order sanctions for a party's noncompliance with any court order issued pursuant to the administrative order. These sanctions are identical to those imposed under M.R.Civ.P. 16(d) for noncompliance with pretrial orders.

■ Although, in the case before us, the defendant, under paragraph 5 of the administrative order, did not have the right to file any motion not pertaining to the trial of the case after the completion of discovery, that order did not divest the trial justice of his authority to entertain a motion for summary judgment pursuant to Rule 56 of the Maine Rules of Civil Procedure. Even though the defendant may well have acted in violation of paragraph 5 by filing a motion for leave to file a motion for summary judgment, violations that may have been subject to sanctions under paragraph 7 of the administrative order,[2] the presiding justice acted within his discretion in entertaining a motion for leave to file a motion for summary judgment pursuant to M.R.Civ.P. 56. The relevant provision of that rule provides that

> [a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, *at any time, but within such time as not to delay trial,* move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

M.R.Civ.P. 56(b) (emphasis added).

There is tension between the language of Rule 56 and the language of paragraph 5 of the administrative order. Paragraph 5 of the order restricts the filing of motions, other than those pertaining to the trial of the case, to the time period prior to the date established by the court's order for the completion of discovery. However, the

---

1. At the time this lawsuit was commenced, a program for civil case flow management was already in effect in Kennebec County. *See* Administrative Order in Regard to Civil Case Flow Expedition in Aroostook, Cumberland, Kennebec and Oxford Counties, Docket No. SJC–316, effective November 1, 1984, as amended effective June 3, 1985.

2. Plaintiff did not seek sanctions, nor did the presiding justice impose any.

administrative order does not pre-empt the summary judgment procedure under Rule 56. This rule, as a pretrial mechanism for determining whether a trial will be necessary, *Mearl Corp. v. State Tax Assessor*, 482 A.2d 1258, 1260 (Me.1984), may be filed "at any time," subject to the restriction that the filing of the motion is made "within such time as not to delay trial."[3]

■ Because of the procedural posture of this case, there was no trial delay. At the time of filing the motion to continue, the defendant's new counsel wrote to the Clerk of the Superior Court stating that plaintiff's attorney objected to the motion and requesting a conference call with the justice. It was an abuse of discretion for the justice to grant the defendant's motion to continue one day after it was filed without furnishing the plaintiff an opportunity to be heard.[4] Although the plaintiff objected after the motion was granted, she does not in this appeal challenge the ruling granting a continuance. Thus, not only is that issue not before us on this appeal, but as we later explain in Part II of this opinion, because the plaintiff's case could not have survived a motion for directed verdict, the granting of the continuance must be deemed harmless error. *See* M.R.Civ.P. 61. Once the case was continued, it was not an abuse of discretion for a subsequent justice to grant leave for filing a motion for summary judgment, concluding that to do so would not delay trial. It was then within that justice's discretion to grant the motion for summary judgment. We find no error in the court's granting leave to file and later granting the summary judgment motion.

## II.

We now address whether the court erred in granting summary judgment to the defendant. The defendant has the burden of clearly demonstrating that there are no genuine issues as to any material fact, and that it is entitled to judgment as a matter of law. *Magno v. Town of Freeport*, 486 A.2d 137, 141 (Me.1985); M.R.Civ.P. 56(c). Finding no such issues, we must affirm summary judgment for the defendant unless the presiding justice committed an error of law. *Procise v. Electric Mutual Liability Insurance Co.*, 494 A.2d 1375, 1380 (Me.1985).

■ The record indicates that the plaintiff's supervisor, Dr. Michael Litman, possessed no actual authority (express or implied) contractually to bind the hospital to a lifetime employment contract. *See Libby v. Concord General Mutual Insurance Co.*, 452 A.2d 979, 981–982 (Me.1982). The affidavits of the hospital's Personnel Manager and Dr. Litman make clear that all employment-related decisions were made only by the Department Head and by the personnel office. Dr. Litman asserts that he was not a Department Head. The plaintiff's affidavit does not contradict this assertion, but merely states that Dr. Litman was her "immediate supervisor" and "had the authority to suspend me, evaluate me and supervise my work," but does not aver that he had the authority to employ or discharge her. Even assuming that Dr. Litman had the implied authority contractually to bind the hospital as the plaintiff's immediate supervisor, the plaintiff's affidavit states that it was one year *before* he became her immediate supervisor that Dr.

---

**3.** The words "but within such time as not to delay trial" were added to M.R.Civ.P. 56(a) and (b) by amendment effective December 31, 1967. *See* Me.Rptr., 225–237 A.2d XXXIX. The Advisory Committee's Note of the same date states that

> [t]his amendment is designed to prevent delaying tactics and reflects present practice. The courts, using their inherent powers, have in practice interpreted the rule in this manner. This amendment simply makes it clear that they have the power to do so and conforms to the language of Rule 12(c) [Motion for Judgment on the Pleadings].

*See* 2 Field, McKusick & Wroth, *Maine Civil Practice* at 32 (2d ed. 1970).

**4.** Because the motion justice acted upon the defendant's motion to continue without allowing the plaintiff the opportunity to file a memorandum in opposition to the motion within the time limitations of M.R.Civ.P. 7(b)(3), the plaintiff cannot be deemed to have waived her objection to the motion. *Cf. Giguere v. Great Atlantic & Pacific Tea Co., Inc.*, 526 A.2d 1383 (Me.1987).

Litman informed her "that [she] was able to keep [her] job for as long as [she] wanted it."

■ Furthermore, the record demonstrates that Dr. Litman possessed no apparent authority to create a lifetime employment contract. *See Libby*, 452 A.2d at 982; *see also Biron v. Mills*, 519 A.2d 1265, 1267 (Me.1987); *Twin Island Development Corp. v. Winchester*, 512 A.2d 319, 325 (Me.1986). The plaintiff presents no evidence to show that the hospital either knowingly allowed Dr. Litman to enter into *any* type of employment contract, or that the hospital held out Dr. Litman as possessing such authority. We could not permit a fact finder to infer the existence of the power contractually to bind the hospital to a lifetime employment contract absent any evidence that the hospital knowingly allowed Dr. Litman to exercise such power or held him out as a person authorized so to contract. *See Restatement (Second) of Agency* § 442 comment d (1958). On this record, the plaintiff could not reasonably have believed that Dr. Litman possessed the authority to confer on Rancourt a position of life tenure.

■ Even assuming that Dr. Litman possessed the authority to bind the hospital to a contract of lifetime employment, the record does not demonstrate that the parties clearly stated their intentions to enter into an agreement that by its express terms could not be terminated at the will of the employer. *See LeGault v. Eastern Maine Medical Center*, 523 A.2d 578, 578 (Me.1987); *see also Larrabee v. Penobscot Frozen Foods*, 486 A.2d 97, 99–100 (Me.1984); *Broussard v. CACI, Inc.—Federal*, 780 F.2d 162, 163 (1st Cir.1986). Dr. Litman's statement that the plaintiff would be able to keep her job for as long as she wanted it created nothing more than a contract of employment for an indefinite period of time that was terminable at will by either party.[5] *Buchanan v. Martin Marietta Corp.*, 494 A.2d 677, 678 (Me.1985); *Larrabee*, 486 A.2d at 99.

For the foregoing reasons, we conclude that the Superior Court correctly concluded that the defendant was entitled to judgment as a matter of law.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and ROBERTS, GLASSMAN and CLIFFORD, JJ., concurring.

WATHEN, Justice, dissenting.

I must respectfully dissent. This case was scheduled for jury trial on five different occasions after progressing through the "fast track" established by the administrative order. Ultimately the case was scheduled as the only case for trial on June 23, 1986. On June 11, a new attorney entered his appearance for defendant and moved to continue the case to permit preparation for trial and moved to amend the answer to include the statute of frauds as a defense. In a cover letter accompanying the motion, defense counsel informed the court that plaintiff's counsel objected to the continuance and he suggested a hearing by conference call. On the following day the court granted the continuance without affording plaintiff any opportunity to be heard in opposition. On July 21, 1986, defense counsel moved for leave to file a motion for summary judgment and leave was granted and the answer was amended on August 6, 1986. On August 12, defendant's motion for summary judgment was heard and the court took the motion under advisement. Nearly four months later, on December 15, 1986, the court granted summary judgment. The court ruled that there was no genuine issue of material fact as to whether Dr. Litman had actual or apparent authority to enter into a contract. Moreover, the court ruled erroneously that such a contract would be barred by the statute of frauds.

In its opinion this Court acknowledges that the defendant *may* well have acted in violation of the administrative order by fil-

---

5. The plaintiff does not argue on appeal that the language of the hospital's personnel handbook created an employment contract.

ing a motion to continue and a motion for leave to file a motion for summary judgment eleven months after the date established for completion of discovery. Further this Court acknowledges that it was an abuse of discretion for the Superior Court to grant the motion to continue over plaintiff's objection and without furnishing plaintiff an opportunity to be heard. Brushing such procedural irregularities aside, the Court nevertheless concludes that the Superior Court appropriately entertained a motion for summary judgment even though that action caused the removal of the case from the trial list and resulted in a four month delay for decision on the motion.

Assuming that Rule 56 is unaffected by the administrative order, a dubious proposition at best, I am unable to reconcile the Court's result with the requirement of the rule that such motions are to be filed "within such time as not to delay trial." On this record I readily conclude that defendant is not entitled to avail itself of the extraordinary relief provided by Rule 56. In the interest of fairness and the maintenance of some semblance of procedural regularity, I would vacate the grant of summary judgment and remand for trial.