**Carol GIGUERE**

v.

**GREAT ATLANTIC & PACIFIC TEA CO., INC.**

Supreme Judicial Court of Maine.

Argued April 28, 1987.
Decided June 17, 1987.

---

**1384**

John P. Jabar (orally), Daviau, Jabar & Batten, Waterville, for plaintiff.

Nelson J. Larkins, Bruce Gerrity (orally), Preti, Flaherty, Beliveau & Pachios, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

■ Plaintiff Carol Giguere appeals from a judgment entered upon the jury's verdict for defendant Great Atlantic & Pacific Tea Co., Inc. in Superior Court (Kennebec County). On appeal plaintiff seeks to vacate the jury verdict on the basis that the trial court abused its discretion at the very onset of these proceedings. Specifically, plaintiff contends that the trial court erred in granting defendant's motion for an enlargement of time in which to respond to plaintiff's complaint. We find that plaintiff failed to file a memorandum in opposition to defendant's motion as required by M.R. Civ.P. 7(b)(3) and thus waived any right to object.

On January 16, 1985, plaintiff filed a complaint against defendant alleging negligence in the maintenance of its premises. This complaint was served on defendant on January 21st by delivering a copy of the complaint and summons to its Maine agent for service of process. On March 4, 1985, defendant, through its attorneys, moved for an extension of time in which to answer or otherwise respond to plaintiff's complaint alleging that defendant's counsel did not receive the pleadings until more than 20 days after the complaint was filed.[1] Defendant's motion was not acted upon until May 17, 1985. In the interim plaintiff did not file any objection to the motion nor did plaintiff move for default judgment pursuant to M.R.Civ.P. 55. On May 17, the Superior Court granted the motion for an extension of time without hearing and without explanation.

The 1985 version of M.R.Civ.P. 7(b)(3) stated:

> Any party filing a motion, except motions for enlargement of time to act under these rules, for continuance of trial or hearing, or any motion agreed to in writing by all counsel, shall file with the motion or incorporate within said motion a memorandum of law which shall include citations and supporting authorities. A party opposing a motion shall file a memorandum in opposition to the motion within 10 days after service of the motion, unless another period is fixed by order of court.

M.R.Civ.P. 7(b)(3) was amended in 1987 to state explicitly that a party who failed to file timely opposition to the motion waived objection to the motion. Specifically, the amended version added: "A party failing to file a timely memorandum in opposition to the motion shall be deemed to have waived objections to the motion." Although the version of M.R.Civ.P. 7(b)(3) effective during 1985 did not explicitly state that a failure to oppose a motion constituted a waiver, it did contain the word "shall." The mandatory nature of "shall" implies that such an omission bars a party from later contesting a motion.

■ Rule 7(b)(3) dispenses with the requirement of filing a supporting memorandum for certain routine motions that are rarely the subject of opposition. The requirement of filing an opposing memorandum, however, is not limited to motions in

---

1. M.R.Civ.P. 6(b) states in relevant part:

   When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect, ...

which the moving party is required to submit a supporting memorandum. It is essential that the opponent register his opposition. A party cannot remain silent and later, without any prior notice, be heard to complain.

In this case, plaintiff waited for nearly three months and then objected after the extension was granted. At that point, she filed a motion for summary judgment, a motion for relief from judgment, and a premature notice of appeal, all on the ground that the defendant failed to respond within 20 days after the service of the summons. By failing to file a memorandum of law in opposition to the motion within 10 days after service, plaintiff waived any objection. Thus, it is not necessary to discuss whether there was sufficient evidence to constitute excusable neglect within the meaning of M.R.Civ.P. 6(b).

Accordingly, the entry must be:

Judgment affirmed.

All concurring.