INTERNATIONAL FOOD TRADE, INC.

v.

The MAINE WILD
BLUEBERRY COMPANY.

Supreme Judicial Court of Maine.

Argued June 7, 1989.

Decided July 6, 1989.

William S. Silsby, Jr., Raymond Williams (orally), Silsby & Silsby, Ellsworth, for plaintiff.

Edith A. Richardson (orally), Paul L. Rudman, Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

Maine Wild Blueberry Company agreed with International Food Trade, Inc. that it would purchase at a price of $.36 per pound all the fresh blueberries International Food Trade, Inc. could deliver during the 1985 blueberry harvesting season. The Superior Court (Washington County, *Archibald, A.R.J.*), sitting without a jury, accepted the testimony of Maine Wild Blueberry Company's vice president. He testified that the first three loads were of such poor quality that Maine Wild Blueberry Company proposed to reject them; that International Food Trade, Inc. then "pleaded" with Maine Wild Blueberry Company to accept them subject to a price adjustment; and that Maine Wild Blueberry Company acceded to the request. The Superior Court accordingly entered judgment for Maine Wild Blueberry Company on International Food Trade, Inc.'s complaint for the difference in price and for interest. International Food Trade, Inc. has appealed.

We need not address International Food Trade, Inc.'s arguments concerning course of dealing and usage of trade, 11 M.R.S.A. § 1–205(1), (2) (1964), in interpreting the original version of the contract. The evidence justifies a finding that the parties agreed to modify the price term of their contract, *see* 11 M.R.S.A. § 2–208 (1964), and we assume such a finding since International Food Trade, Inc. made no motion under M.R.Civ.P. 52(a) for findings of fact. *Biron v. Mills*, 519 A.2d 1265, 1267 (Me. 1987). Therefore, the Superior Court properly rejected the claim for the difference in price.

In its complaint, International Food Trade, Inc. sought interest of $946.00 on the alleged underpayment. On appeal, however, it argues that its claim was for reimbursement of interest it overpaid to Maine Wild Blueberry Company on a loan, and that no evidence at trial contradicted this claim. No pretrial documents reflect this change in the basis for recovery. International Food Trade, Inc. points to a

brief reference by a witness (its president) on direct examination at trial to support its argument. The issue was not addressed at all on cross-examination. Neither party argued the interest claim in their closing arguments. The Superior. Court's judgment did not deal with it, on the obvious assumption that the interest claim hinged on success on the claim for the price differential. Thus it cannot be said that the issue was tried by express or implied consent under M.R.Civ.P. 15(b); *see* Field, McKusick & Wroth, *Maine Civil Practice* § 15.5 at 304 (2d ed. 1970) ("if one party offers evidence which the other reasonably believes is of no consequence and therefore does not object to it, cross-examine upon it or seek to controvert it by other evidence, the issue can hardly be considered as having been tried by implied consent").

The entry is:

Judgment affirmed.

All concurring.