**CITY OF LEWISTON**

v.

**LINCOLN STREET
ASSOCIATES, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 2, 1990.
Decided April 19, 1990.

Ronald P. Lebel (orally), Nancy D. Crlson, Rocheleau, Fournier & Lebel, P.A., Lewiston, for plaintiff.

Michael R. Poulin (orally), Skelton, Taintor & Abbott, Auburn, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Lincoln Street Associates (LSA) and F.W. Webb Co. (Webb) appeal from a judgment of the Superior Court (Androscoggin County *Alexander, J.*) based in part on the City of Lewiston's motion for partial summary judgment. LSA and Webb contend that the city must first obtain leave of court to file a motion after the discovery deadline has passed and that they were denied an opportunity to defend against the motion. We disagree and affirm the judgment.

In June, 1987, Webb applied for a sign permit to replace existing signs on a building it rented from LSA. The planning board rejected this application, interpreting the city's ordinance as requiring alteration or replacement of non-conforming signs to conform with the requirements of the ordinance. Webb appealed to the board of appeals, which affirmed the planning board's decision. After Webb installed the signs without a permit, the city commenced this action seeking injunctive relief and civil penalties.

A discovery deadline was set for October 1, 1988. LSA and Webb filed a motion to compel on November 8, 1988, which was granted in part and denied in part by orders on February 2 and February 13, 1989. The case appeared on the civil non-jury trial list for April 24, 25, and 26, 1989. On March 23, 1989, three days after discovery was completed, the city filed a motion for partial summary judgment on the issue of liability. LSA and Webb objected to the filing of the motion on procedural grounds and requested dismissal of the action as a sanction. When the city's motion was set for hearing on April 28, LSA and Webb moved for an extension of time to file a substantive response to the motion. On April 19, LSA and Webb filed a motion to separate the trial on liability from the trial on remedy. The motion stated that the separation would avoid prejudice and unnecessary expenditure of time and effort. The April 19 motion was accompanied by a request that it be presented to the presiding justice prior to trial. On April 21 the parties were notified that the case had been taken off the trial list for April 24–26 because of the pending motion for summary judgment. In granting the city's motion, the court noted that LSA and Webb were not justified in failing to file a substantive response. After the parties stipulated to a remedy and final judgment was entered, LSA and Webb filed this appeal.

■ Contrary to the assertion of LSA and Webb, M.R.Civ.P. 16(c)(2) allows the trial court to hear motions filed after the date established for completion of discovery. The rule states in pertinent part:

> After the date established by the court's order for the completion of discovery, no party shall file any motion except motions pertaining to the trial of the case, such as motions in limine, or except by leave of court.

The Advisory Committee's notes to the rule's February 15, 1989 revision state that it was amended to allow "the court, in its discretion, to entertain motions, such as ... for summary judgment, which are filed after the expiration date for completion of discovery." Consequently, the expiration of the time allowed for discovery did not prevent the court from considering the city's motion for summary judgment. *See Rancourt v. Waterville Osteopathic Hospital,* 526 A.2d 1385, 1387 (Me.1987).

■ LSA and Webb also argue that the city did not obtain leave of court as required by the rule. The court, however, removed the case from the trial list in order to entertain the city's motion. No explicit order "granting leave" was necessary. *Roadrunner Mining, Eng'g & Dev. Inc. v. The Bank Josephine,* 558 S.W.2d 597, 598–99 (Ky.1977).

■ Likewise, we are unpersuaded by the argument of LSA and Webb that the consideration of the city's motion effectively delayed trial in violation of rules 56 and 16(c)(2). The committee notes for rule 16(c)(2) state that it was amended "to allow the court to hear such motions when it believes that such a course will advance the final disposition of the action." Disposing of the issue of liability through the summary judgment route serves the purpose of advancing the action's final disposition, thereby providing a just, speedy and inexpensive determination of the action. M.R. Civ.P. 1. Moreover, the defendants themselves had asked for delay by the court in hearing the issue of remedy.

■ Finally, we reject the contention of LSA and Webb that they were denied an opportunity to defend against the city's motion. LSA and Webb had 36 days to respond to the motion and they filed no counter-affidavit. Instead, they filed a procedural objection based on the same arguments we have rejected above and they filed a request for extension of time to respond to the motion for summary judgment. LSA and Webb justify their failure to respond on the ground that they believed the motion was not properly brought. The court, however, had indicated its intention to entertain the motion seven days before the hearing when the presiding justice re-

moved the case from the trial list. We conclude that the court acted within its discretion by denying the extension of time.

The entry is:

Judgment affirmed.

All concurring.