STATE OF MAINE                                SUPERIOR COURT
YORK, ss.                                     Civil Action
                                              DOCKET NO. AP-17-0019

MARCEL DUBOIS,                        )
                                      )
RICK DUBOIS,                          )
                                      )
                                      )   **ORDER ON RESPONDENT'S**
SOL FEDDER,                           )   **MOTION TO DISMISS**
                                      )
and                                   )
                                      )
RANDY DUBOIS                          )
                                      )
          Petitioners,                )
                                      )
    v.                                )
                                      )
MAINE DEPARTMENT OF                   )
AGRICULTURE, CONSERVATION             )
AND FORESTRY,                         )
                                      )
          Respondent.                 )

## I.    BACKGROUND

This action arises out of a 2015 investigation by respondent Maine Department of Agriculture, Conservation and Forestry ("DACF") into odor complaints against Dubois Livestock, Inc. ("Dubois Livestock"), a compost facility in Arundel, Maine. Petitioners Marcel Dubois, Rick Dubois, Randy Dubois, and Sol Fedder (collectively, the "Petitioners") allege that the DACF failed or refused to meet regulatory notice requirements during the investigation.

Petitioners filed the instant Petition on July 28, 2017. They allege that the DACF failed or refused to act independently from the Maine Department of Environmental Protection ("DEP") while investigating the complaints; failed to protect their right to farm under the Maine Agriculture Protection Act, 7 M.R.S. Chapter 6; and committed an obstruction of justice by failing to

"decline...to act in concert with [the DEP]" in the creation of a letter sent from the DACF to Dubois Livestock on January 19, 2016.

Specifically, Petitioners reference a hearing in this court on December 14, 2016 pertaining to a separate case, AP-16-21, where they found out that the DACF had received numerous complaints, but not notified Petitioners of them. (Pet. ¶ 5.) The Petition further alleges that the DACF failed to notify the Petitioners of "complaints [the DACF] received from November 1, 2014 through July 26, 2017," two days before the Petition was filed. (Pet. ¶¶ A, B, C, 5.)

On August 10, 2017, respondent filed the instant motion to dismiss, arguing that the appeal is untimely and that, even if the appeal was timely, the claims, aside from those related to the DACF's failure to comply with notice requirements, are unreviewable enforcement decisions. Accompanying this motion, respondent submitted the affidavit of Matthew Randall, the Agricultural Compliance Supervisor for the DACF. On September 5, 2017, Petitioners opposed the motion, and also moved to strike the affidavit. Respondent then replied to Petitioners' opposition, asserting that it was untimely and that Petitioners had waived all objections to their motion to dismiss.

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss, courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## III. DISCUSSION

### a. Timeless of Petitioners' Opposition

Rule 7(c)(2) of the Maine Rules of Civil Procedure provides that a party opposing a motion must file an opposition no later than 21 days following the filing of the motion. M.R. Civ. P. 7(c)(2). Petitioners argue that an additional three days is added to this period under Rule 6(c). This Rule provides, "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." M.R. Civ. P. 6(c). However, this Rule does not apply to Rule 7(c)(2) because that Rule begins the time period at the time of filing, not of service. *See Scott Dugas Trucking & Excavating v. Homeplace Bldg. & Remodeling*, 651 A.2d 327, 329 (Me. 1994) ("The instant case, however, is not a situation in which the prescribed period runs from the date of service. Rather, Rule 4B(c) requires trustee process to be 'served within 30 days *after the date of the order* approving the attachment.' The plain words of this rule lead us to conclude that the additional three days after service by mail . . . does not apply to this situation." (emphasis in original)).

A party that files an untimely opposition is deemed to have waived all objections to the motion. M.R. Civ. P. 7(c)(3). Thus, "[w]hen a motion is unopposed, the court need not reach the merits of the motion because, under Rule 7(c)(3), the adverse party has waived any objection to it." *Petit v. Lumb*, 2014 ME 117, ¶ 8, 103 A.3d 205 (citing *Giguere v. Great Atl. & Pac. Tea Co.*, 526 A.2d 1383, 1385 (Me. 1987)). However, this waiver "does not obligate the court to act favorably on the motion." *Id.*

In the instant case, respondent's motion was filed on August 10. Thus, Petitioners were required to file an opposition by August 31, 2017, 21 days following the time of filing. Because

Petitioners did not file their opposition until September 5, it is untimely. Consequently, Petitioners have waived all arguments related to respondent's motion to dismiss. Thus, this court need not address the merits of respondent's motion and hereby dismisses the instant petition.

### b. Timeliness of Petitioners' Appeal

The Maine Administrative Procedure Act, 5 M.R.S.A. §§ 8001 *et seq.* ("APA") governs judicial review of agency action. M.R. Civ. P. 80C. Pursuant to Section 11002 of the APA, an aggrieved individual has 40 days from the date of an agency decision to file a petition for review. 5 M.R.S.A. § 11002(3). When a petition concerns agency inaction, the petition must be filed within six months of the time within which the action should have occurred. *Id.*[1]

These time limits for are jurisdictional *Fournier v. Dep't of Corr.*, 2009 ME 112, ¶ 2, 983 A.2d 403 (citing *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 11, 751 A.2d 1024). Additionally, the limits "must be applied uniformly and consistently to parties represented by counsel and self-represented parties alike." *Id.* (citing *Brown v. Thaler*, 2005 ME 75, ¶ 8, 880 A.2d 1113).

A motion to dismiss on the basis of noncompliance with the statute of limitations is a "'facial challenge to the timeliness of plaintiff's complaint,' and is properly considered under M.R. Civ. P. 12(b)." *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 700 (Me. 1987) (quoting *Patten v. Milam*, 468 A.2d 620, 621-22 (Me. 1983)). Thus, the sufficiency of the complaint, including the allegations of time, is adequately tested under the usual motion to dismiss standard. *Id.* (citation omitted).

---

[1] Petitioners claim that DACF actions can be reviewed at any time before the commissioner officially resolves the matter to his or her satisfaction. (Pet. Opp. Resp. Mot. Dismiss 4.) However, this court declines to accept such a broad reading of the statutory standard.

Chapter 10.3.2 of the Agricultural Compliance Rules provides the following notice requirement:

> As soon as practicable following the receipt by the Department of a complaint concerning a farm or farm operation, the Department shall make a good faith attempt to contact the responsible party, by telephone or in person, in order to provide notification of the complaint. In the event the department is unable to contact the responsible party by telephone or in person, the department shall provide written notification to the responsible party by certified mail to the last known address.

Because the Petition references complaints made up until July 26, 2017, it is not entirely untimely on its face. Petitioners rely on Matthew Randall's affidavit for the proposition that the DACF received odor complaints in May 2015, and at other various times in the year. (Resp. Mot. Dismiss 4.) However, notwithstanding the potential use of this evidence in a decision on a motion to dismiss and Petitioners' motion to strike, the affidavit does not state that these are the only complaints the DACF has received and of which it has failed to notify Petitioners. Consequently, the affidavit is insufficient to prove that the Petition is facially untimely.

To the extent that the Petition concerns complaints that may be outside the statute of limitations, however, the issue may be raised again on summary judgment after the relevant evidence has been developed.

### c. Petitioners' Other Claims

In addition to alleging that the DACF failed to notify them of complaints, Petitioners allege that the DACF failed or refused to act independently, or not "in concert" with the DEP while investigating complaints (Pet. ¶¶ C, F.); did not protect their right to farm under the Maine Agriculture Protection Act (Pet. ¶¶ D, F.); and failed "to decline . . . to act in concert with [the DEP]" in the preparation of a letter sent by the DACF to Dubois Livestock on January 19, 2016 (Pet. ¶¶ E, F.). Respondent contends that these claims do not challenge final agency actions and consequently, this court lacks jurisdiction to hear the claims. (Resp. Mot. Dismiss 6.)

Judicial review of "final agency actions" under the APA is a jurisdictional issue. *Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 8, 962 A.2d 335. A "final agency action" is defined as "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." 5 M.R.S. § 8002(4). Generally, the issue of whether an act is a "final agency action" arises when the petitioner is also the complainant at the agency level. *See Tomer*, 2008 ME 190, ¶ 12, 962 A.2d 335. Here, however, the Petitioners are challenging the DACF's actions in relations to complaints it received about Dubois Livestock and in subsequent litigation in this court.

The DACF's decision to coordinate investigations with the DEP is an enforcement decision that is not reviewable under the APA.

Finally, the DACF argues that its coordination with the DEP is unreviewable under the separation of powers doctrine. (Resp. Mot. Dismiss 7.) The separation of powers doctrine is founded on the principle that:

> The Constitution, in distributing the powers of government, creates three distinct and separate departments . . . . This separation is not merely a matter of convenience or of governmental mechanism. Its object is basic and vital, [citations omitted], namely, to preclude a commingling of those essentially different powers of government in the same hands.

*State v. St. Regis Paper Co.*, 432 A.2d 383, 384 (Me. 1981) (quoting *O'Donoghue v. United States*, 289 U.S. 516, 530 (1933). This separation is necessary so that "the persons intrusted with power in any one of these branches shall not be permitted to encroach upon the powers confided to the others, but that each shall by the law of its creation be limited to the exercise of the powers appropriate to its own department *and no other*." *Id.* at 385 (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 191 (1880)) (emphasis in original).

The coordination of executive branch departments is an exercise of executive branch authority. This court will not interfere with executive branch operation under the separation of powers doctrine. Consequently, Petitioners have not stated a reviewable cause of action.

## IV. CONCLUSION

For the reasons set forth above, the respondent's motion to dismiss is granted.

The clerk shall make the following entry on the docket:

Defendants' motion to dismiss is hereby GRANTED.

SO ORDERED.

DATE: JANUARY 25, 2018

ENTERED ON THE DOCKET ON: 1/26/18

_____
John O'Neil, Jr.
Justice, Superior Court