NICHOLAS KARAHLEOS *vs.* H. A. DILLINGHAM, et al.

Androscoggin.    Opinion April 29, 1920.

*Certificate of partnership, and certificate of withdrawal, under Secs. 11, 15, Chap. 39,*
*R. S. The doctrine of respondeat superior requires the indispensible element,*
*among others, of the relation of master and servant.*

In this action of tort, brought to recover damages for personal injuries resultant from collision between a pedestrian and an automobile, the case was submitted to the trial judge for decision upon an agreed statement of facts showing only, in fair summary, that, at the time of the accident, the automobile was driven by a woman employee of a partnership then doing business in succession to, and under the same firm name as, a partnership which, as between these defendants, had previously existed; but notice of the dissolution of which, by retirement of one of the partners, had not been attested to the city clerk's office. As a matter of form, it was ruled, that the member who, as between the partners themselves, had retired from the partnership, was properly named as defendant.

On exceptions, *held:* Whether the agreed statement be or not entitled to the force of recital that defendants, at the beginning of a mercantile partnership, filed requisite statutory certificate which, as to other persons, still conclusively presumes them partners, yet plaintiff's case falls short of judicable rank.

Besides partnership, or estoppel to deny partnership, there are other indispensible elements. Under the doctrine of *respondeat superior*, in order to hold one person responsible in damages for the negligence of another, it must be shown, among other things, that at the time and in respect to the very occurrence out of which the injury arose, the relation of master and servant existed between the defendant and the wrong-doer. There is nothing of the sort here. Even were the driver of the automobile at the time of the accident acting in the course of her employers' business, they would not be liable if she would not be liable were the action against her, and she had acted for herself instead of for them. For all that appears, the accident complained of may have been inevitable, or, if negligence were the proximate of efficient cause, such negligence may have been on the part of plaintiff himself.

On exceptions. An action of tort, brought to recover damages for personal injuries, sustained by being hit by an automobile, operated by an alleged employee of defendants, alleged to be partners doing business under the firm name of Saxon Motor Company. On the 10th day of February, 1916, defendants filed in the office of the city clerk of Lewiston, a certificate of partnership, under Sec. 11, Chap. 39, R. S. Subsequently, and prior to the date of the alleged injuries, Walter A. Luce, one of the defendants, withdrew from the partnership, but did not file in the office of the clerk of Lewiston, the withdrawal certificate provided under the above statute. The remaining partner, Harry A. Dillingham, one of the defendants, immediately formed a partnership with one Burkett, and the new partnership thus formed carried on an automobile business in Lewiston under the former firm name of Saxon Motor Company, in whose employ, the woman who was operating the automobile at the time of the injury, was engaged. The presiding Justice ruled pro forma that Mr. Luce was properly named as a defendant. To this ruling defendant Luce took exceptions.

Exceptions sustained. Action dismissed in accordance with stipulation in agreed statement.

Case stated in the opinion.

*Frank T. Powers*, for plaintiff.

*Harry Manser*, for defendants.

Sitting: Cornish, C. J., Philbrook, Dunn, Morrill, Deasy, JJ.

Dunn, J. Range of this action is delimited by an agreed statement of facts.

A statute imposes that persons associating themselves as partners in any mercantile enterprise shall deposit, in the office of the clerk of the city or town in which business is to be carried on, a certificate signed and sworn to by them, setting forth their names and places of residence, the nature of the business in which they intend to engage, and giving the name under which they are to transact business. Each constituent "shall conclusively be presumed to be a member of the firm" to the time of his filing, in said clerk's office, certificate of withdrawal from such relationship. R. S., Chap. 39, Secs. 11, 15.

On February 10th, 1916, Harry A. Dillingham and Walter E. Luce, both of Lewiston, filed notice in the office of the clerk of that city that partnership existed between them by the style of Saxon Motor Company. After doing business, this partnership was dissolved by the retirement of Mr. Luce, who failed to attest that fact to the clerk for record. The remaining member, Mr. Dillingham, and one Burkett, promptly entered into co-partnership, adopting for descriptive appellation the old-time firm name. While Dillingham and Burkett were thus carrying on business, an automobile belonging to them, and driven at the time by their employee, collided with plaintiff who, as a pedestrian, was crossing a public street. To recover damages for resulting personal injuries sustained by him, he brought this suit against the members of the original partnership. As a matter of form, it was ruled by the presiding Justice, that in view of recorded partnership certificate, and in consequence of delinquency in not filing withdrawal certificate, Mr. Luce was properly named as a defendant. To this ruling the defendant Luce has exceptions.

It is unnecessary to consider whether the agreed statement is entitled to the force of recital that defendants, at the beginning of a mercantile partnership filed requisite certificate agreeably to statutory command, for, be that as it may, plaintiff's case yet falls short of judicable rank. Besides partnership, or estoppel to deny partnership, other indispensable elements must be proved. A master is liable to third persons for all damages consequent from the negligence of his servants, where, if there were neglectful act or omission on the part of the servant, it was while he was acting under the orders of the master, or in the course of the master's business. *Maddox* v. *Brown*, 71 Maine, 432. Under the doctrine of *respondeat superior*, in order to hold one person responsible in damages for the negligence of another,

it must be shown, among other things, that at the time, and in respect to the very occurrence out of which the injury arose, the relation of master and servant existed between the defendant and the wrong-doer. *Higgins* v. *Western Union Tel. Co.*, 156 N. Y., 75. There is nothing of the sort here. Even were the driver of the automobile, at the time of the accident, acting in the course of her employers' business, they would not be liable if she would not be liable, were the action against her, and she had acted for herself instead of for them. *New Orleans Railroad Co.* v. *Jopes*, 142 U. S. 18, 35 Law Ed., 919. For all that appears, the accident complained of may have been inevitable, or, if negligence were the proximate or efficient cause, such negligence may have been on the part of plaintiff himself. *Kennard* v. *Burton*, 25 Maine, 39.

> *Exceptions sustained. Action dismissed in accordance with stipulation in agreed statement.*