STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

FEB 21 2003

NANCY DESJARDIN
CLERK OF COURTS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-179

DIANE BARNES,

      Plaintiff

    v.

ORRIN D. LEE, et al.,

      Defendants

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

MAR 12 2003

This matter is before the court on motion for summary judgment[1] brought on behalf of defendants Orrin D. Lee and Carmen Lee.[2] Orrin D. Lee and Carmen Lee were the employers of one Clifford L. Kenny, a co-defendant, who was operating a motor vehicle engaged in a collision with the plaintiff. In her complaint, the defendant asserts that defendant Kenny was operating a motor vehicle owned by the Lee defendants, that he was acting within the scope of his employment, and that therefore the employers should be held jointly responsible for plaintiff's damages resulting from defendant Kenny's negligence. In their motion for summary judgment, the Lees assert that Kenny was not acting within the course and scope of his employment at the time of the accident. They further argue that Kenny was not an agent of the Lees at the time of the accident. In support, they argue that Kenny had neither the actual authority nor apparent authority from the Lees to be an agent. Plaintiff responds that Kenny was, in fact and law, a servant and agent of the Lees. Plaintiff argues that the Lees had no job description for Kenny, Kenny was an all around handyman, Kenny lived in a trailer on

---

[1] Defendants' Reply to Plaintiff's Opposition to Summary Judgment clarified that defendants seek summary judgment only in reference to claims based on alleged agency or employment relationships; the motion does not apply to plaintiff's claim of negligent entrustment.

[2] Due to the death of Orrin D. Lee, the party is now his estate.

the Lees' property, shared a mailbox with the Lees, and drove the Lees' truck with full authority having no limitation as to his use of the vehicle.

A summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995).

First, the court considers whether the parties' statements of material fact provide information so that plaintiff may hold defendant Lees liable based on their employment relationship with defendant Kenny. Under the doctrine of *respondeat superior*, an employer is liable to third persons for acts of the employer's employees when the employees are acting in the course and scope of their employment. *See DiCentes v. Michaud*, 719 A.2d 509, 513 (Me. 1998); *Karahleos v. Dillingham*, 109 A. 815 (Me. 1920); *Easler v. Downie Amusement Co.*, 133 A. 905 (Me. 1926). "Whether or not a servant in performing a particular act at a definite time and place was acting within the scope of his employment is a question to be determined by the trier of facts." *Leek v. Cohen*, 38

2

A.2d 460, 462 (Me. 1944).[3] " . . . it is for the court to say whether the evidence adduced in a particular case would warrant affirmative finding on the fact." *Leek v. Cohen*, 38 A.2d at 462.

"The words 'in the course of employment' relate to the time, place, and circumstances under which the accident takes place. An accident arises in the course of employment when it occurs within the period of employment and a place where the employee reasonably may be in the performance of his duties and while he is fulfilling those duties or engaged in doing something incidental thereto." *Fournier's Case*, 113 A.270 (Me. 1921) (citations omitted). In some workman's compensation cases, where a servant deviates from his employment to go on a personal errand, has accomplished the errand, and has, at the time of the accident, started back toward the place where he's to do some act or perform a service for his employer, the injury has been held to have arisen out of and in the course of the employment, notwithstanding the deviation; in other cases, compensation has been denied. *See Larou v. Table Talk Distributors, Inc.*, 138 A.2d 475, 509 (Me. 1958).[4]

---

[3] On December 3, 2002, well after the last date by which Plaintiff could file opposition to the motion, Plaintiff filed with the court a "Corrected Memo in Opposition to Motion for Summary Judgment" and a "Corrected Statement of Undisputed Facts." This is contradictory to the stringent rules regarding summary judgment practice. These were filed 45 days after the original motion for summary judgment. Rule 7(b) makes it clear that a party must oppose a motion within 21 days of its filing. Further, plaintiff made no request of the court to be allowed to file a "correction," or for an extension of time, nor offered any excuse as to why one was necessary in this case. The changes in the "Corrected" documents appear to be changes in citations, where such citations were partly or wholly inaccurate in the original opposition. Although the corrected memo does not change the analysis of this memo, the court rejects the untimely, "Corrected" documents. On December 9, 2002, defendants filed a reply to the "Corrected" opposition, contending that M.R. Civ. P. 15(a), the rule regarding amendment, applies only to pleadings (Rule 7(a) defines pleading documents as a complaint, answer, reply to counterclaim, answer to crossclaim, third party complaint, or third party answer). Defendants also cite a leading commentary that Rule 15(a) applies only to complaints, answers, and their incarnations (e.g., counterclaim). See FIELD, ET AL., MAINE CIVIL PRACTICE, § 15.2, p. 302. Defendants also remind the court of the Law Court's vigor in enforcing compliance with Rule 56. The plaintiff's corrected Opposition to the Motion for Summary Judgment is not considered.

4 *Larou* is a workers compensation case where the employee seeks recovery from his employer for an injury the employee suffered. The workers comp exception, which has been applied inconsistently even among workers comp cases, does not apply to this case. This case does not involve a workers comp claim for an employee seeking recovery for his or her own injury.

3

Plaintiff contends that defendant Kenny was within the scope of his employment at the time of the accident because there is no clear definition of his employment. Plaintiffs suggest that, because Lee routinely muddied the line between employment and personal activities, no such line exists in this case. Plaintiffs offer no legal authority to support this contention and, on this rationale, everything that defendant does would fall within the scope of his employment.

Plaintiff also refers the court to *Good v. Berrie*, 123 ME 266, 122 A.2d 630 (1923). There, a musical equipment salesman, who sold his goods both in a store and on the road, attended two baseball games between his morning work and his evening hours in the music store. The salesman drove his employer's car to the baseball games. Upon leaving for work and heading toward the music store, he was involved in a car accident with another vehicle. The *Good* court said that whether the salesman was going to the games as a detour from his employment, or whether he attended the games with the intent to do business, was a question for the jury. In the case at bar, there is no such question: Defendant Kenny was clearly on a personal errand to the grocery store.

Here, it is undisputed that, at the time of the accident, defendant Kenny and friend were leaving a grocery store where they each purchased groceries for themselves. Defendant was driving a truck that belonged to the Lees, and was on his way back to the Lee property at the time of the accident. Defendant Kenny was on the road that day to purchase groceries for himself; prior to going to the store, he had been at home, and had breakfast at Jeff's Market with Lee and Whitten, Kenny's friend. Defendant was employed by the Lees to tend their horses; he also ran errands for the Lees, plowed, did mechanical work, and picked up other Lee employees at another work site when needed. It is undisputed that 1) defendant Kenny's responsibilities as an employee do not include getting groceries for the Lees; 2) the Lees did not send

4

defendant Kenny to purchase groceries on the date of the accident; 3) neither defendant Kenny nor his friend, Whitten, purchased groceries for the Lees on the date of the accident. Defendant Kenny did not have his own key to the Lee truck; however, the key was left in the truck at all times for Kenny's use. The Lees knew that Kenny used the truck because Kenny occasionally ran errands for the Lees, sometimes taking his friend Whitten along.

The accident certainly occurred during a period of time when defendant Kenny was employed by the Lees. However, it did not occur at a "place where the employee may be in the performance of his duties *and* while he is fulfilling those duties or engaged in doing something incidental thereto." *See Fournier's Case, Id.* Although the accident occurred on a public street, where Kenny could have been on an errand for his employer, Kenny was not in fact performing any employment duties nor was he engaged in anything incidental thereto. Rather, it is undisputed that he had been to the grocery store to purchase personal groceries with a friend who was doing the same. There is insufficient evidence that would warrant a jury, a trier of fact, in concluding that Kenny was acting within the scope of his employment at the time of the accident. Defendant's motion for summary judgment on the issue of employment relationship must be granted.

The second issue is whether defendant Kenny is an agent of his employer (the Lees) and, if so, whether the Lees are liable as principals for defendant Kenny's negligence. Plaintiff relies heavily on *Stevens v. Frost* and *Costos v. Coconut Island Group* to contend that there is an agency relationship between defendant Lees and defendant Kenny, and that plaintiff may thus recover from defendant Lees. Aside from their insight into the standard laws of agency, neither *Stevens* nor *Costos* are helpful to

plaintiff in opposing summary judgment. "The burden of proof is on the Plaintiff to prove the agency and the scope thereof." *Stevens*, 32 A.2d at 167.

Plaintiff cites *Stevens* to say that the Lees allowed defendant Kenny to drive to the store with the Lees' knowledge and consent in furtherance of his (Kenny's) service to them. The *Stevens* court said that one who is furnished an automobile by his employer in which to go and return from a place *where he performs a service for his employer* is in the "course of his employment" on his return; the employer is then generally responsible for his negligence during such time. *Id.* (emphasis added). There, the driver was a car salesman. It was within the course of his employment to seek names of prospective buyers, contact them, and to make sales. He customarily mixed business with pleasure and tried to obtain information whenever opportunity offered. He made use of his employer's car, with his employer's permission. After leaving a dinner where he sought prospective buyers, the salesman gave the plaintiff a ride home. After plaintiff exited the car, she was injured when the salesman's car skidded into her. The court there determined that, even though the salesman was within the course of his business during the dinner, he was not in the course of his business at the time of the accident because he was not authorized to carry passengers as part of his business or use of the car. The court suggested that the outcome may well be different if the salesman had hit a pedestrian or another car on his way home from the business dinner. *Id.*

In the case at bar, we are not dealing with an injured, unauthorized passenger situation. Rather, defendant Kenny was driving back to his employer's and hit another car. *Stevens* articulated that such a situation may well be in the course of one's employment; however, *Stevens* made such a determination only regarding a situation where the employee/driver is returning *from a place where he performs a service for his*

*employer. Id.* In our case, it is undisputed that Kenny was returning from a personal errand to the grocery store where he and his friend purchased groceries for themselves. Kenny was not performing a service for his employer.

Plaintiff relies on *Costos v. Coconut Island Co.* to contend that a principal can be liable for his agent's negligence when such negligence is outside the scope of the agent's authority, but actuated by a purpose to serve the principal. Plaintiff also relies on this case to suggest that, when the principal gives the agent the means to injure the plaintiff, the agent's negligence is also the principal's negligence. The court disagrees with plaintiff's interpretation of *Costos.*

In *Costos*, a hotel manager raped a hotel guest. The guest filed suit against the hotel owner on the theory of vicarious liability. The court found the hotel liable, stating, "Under Maine law, a master may be liable for the torts of his or her servants who are acting outside the scope of their employment when they are aided in accomplishing the tort by existence of an agency relationship." *Costos v. Coconut Island Co.*, 137 F.3d 46, 48 (Me.)(1st Cir. 1998). The manager accomplished the rape by virtue of his position, which gave him access to guest room keys, knowledge of where to find a guest, and the ability to find and enter a room late at night. *Id.* However, in coming to its decision, the *Costos* court relied on the Restatement (Second) of Agency § 219 (2)(d) and *McLain v. Training and Dev. Corp.*, 572 A.2d 494 (Me. 1990). *McLain* held that a jury could find an employer vicariously liable under § 219 (2)(d) for the *intentional torts* of its employee. *Id.* Further, § 219 (2)(d), titled, When Master is Liable for Torts of his Servants, reads,

> (2) A master is not subject to liability for torts of his servants acting outside the scope of their employment unless...
>
> (d) the servant purported to act or speak on behalf of the principal and there was reliance on apparent authority, or he was aided in accomplishing the tort by existence of the agency relation.

7

Restatement (Second) of Agency, § 219 (2)(d).

In the present case, we are not dealing with an intentional tort. This is a negligence case. As well, there is no evidence that defendant Kenny purported to act or speak on behalf of the Lees. *Costos* is not helpful to the case at bar.

The Restatement (Second) of Agency (1958)(§1 Agency; Principal; Agent) defines the agency relationship as follows:

> (1) Agency is a relationship that results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act;
> (2) The one for whom the action is to be taken is the principal;
> (3) The one who is to act is the agent.

*Bonk v. McPherson*, 605 A.2d 74, 78 (Me. 1992). "Authority of an agent may be actual or apparent (also called "ostensible")." *Stevens v. Frost*, 32 A.2d 164, 168 (Me. 1943).

Actual authority can be either *express* or *implied. Id.* Express authority is that authority which is directly granted to or conferred upon the agent in express terms by the principal; it extends only to such powers as the principal gives the agent in direct terms. *Id.* at 164. The statement of material facts shows no evidence that defendant Lees directly granted Defendant Kenny the authority to use their truck for a personal errand to the grocery store. It is undisputed that Kenny was driving a truck owned by the Lees and that Kenny worked for the Lees at the time of the accident. However, his employment duties did not include getting groceries for the Lees. It is also undisputed that there were a number of occasions when the Lees would have Kenny use the truck to run errands on their behalf. The statement of facts reveals no genuine issue of material fact as to information that would show Kenny had express authority (directly granted in express, direct terms by the principal) to drive the Lees truck on a personal errand.

8

Implied authority, on the other hand, is actual authority circumstantially proven from facts attending the transaction, and may be implied or inferred from words used, from customs, and from the relations of the parties. *Libby v. Concord Gen. Mutual Insurance Co.*, 452 A.2d 979, 982 (Me. 1982). Both express and implied authority depend on a manifestation of consent by the principal, and go to the *perceptions of the agent, not the third party. Id.* (emphasis added).

As to a manifestation of consent by the principal, defendant Kenny was driving a truck owned by the Lees. Kenny did not have his own key to the truck, but a key was left in the truck at all times for his use; he had use of the truck at any time. Lee saw Kenny use the truck to go to the grocery store. Regarding the implied perceptions of the agent, Kenny admits that he was not the agent of the Lees at the time of the accident. However, Kenny asserted in his response to defendant's request for admission that he was acting with the permission and knowledge of his employers at the time of the accident. Thus, there is a factual dispute as to whether implied authority exists in this case.

Apparent, or ostensible, authority is authority that, though not actually granted, the principal knowingly permits the agent to exercise or which the principal holds the agent out as possessing. *Stevens*, 32 A.2d at 168. Apparent authority exists only when the conduct of the principal leads a third person to believe a given party is his agent. *Libby*, 452 A.2d at 168; *Peoples Heritage Savings Bank v. Pease*, 797 A.2d 1270, 1276 (Me. 2002). "A principal, therefore, creates apparent authority 'by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.'" *Steelstone Industries, Inc. v. North Ridge Ltd.*, 735 A.2d 980, 983 (Me. 1999)(quoting Restatement (Second) of Agency § 27 (1958)).

9

In the present case, the only fact that may go to show apparent authority is that the Lee's name was painted on the side of the truck driven by Kenny. A third party may reasonably understand the name on the truck to mean that Kenny was an agent of the Lees. Defendants contend that the name on the truck is insufficient to establish a claim for agency on the basis of apparent authority. Defendants reiterate: plaintiff Barnes did not see the Lee's name on the truck until after the accident; she had no conversation with Kenny about his relationship with the Lees; she did not inquire who Kenny's employer was, and she never spoke to the Lees. Defendants suggest that there is no conduct by the Lees that, reasonably interpreted, could lead plaintiff to believe that Kenny was the Lees agent.

This court interprets *Steelstone* to hold that the principal who allows an employee to operate a motor vehicle with the name of the principal clearly displayed creates an apparent authority. Notwithstanding the assertion by the defendants that the plaintiff made no reliance upon the agency at the time of the accident, the court finds nothing in *Steelstone* to place a timeframe as to when the third person would believe that the principal consents to have the act done in his behalf by the person purporting to act for him. This, then, does seem to take this issue out of the summary judgment consideration inasmuch as it would seem to provide some genuine issue of material fact requiring consideration by the jury.

During the course of oral argument, the issue was raised as to the presence of a provision in plaintiff's complaint alleging negligent entrustment by the Lee defendants.

Here, plaintiff has sufficiently included an allegation (albeit vague) of negligent entrustment in her pleadings. Presumably, plaintiffs are referring to paragraphs 8 and 9 of their complaint when they allege that they have a negligent entrustment claim. Paragraph 8 of plaintiffs' complaint reads, "Defendants Orrin Lee and Carmen Lee were

10

the employers of Defendant Kenny and entrusted him with their vehicle..." Paragraph 9 refers to the "negligence of Defendants." As noted above in *Barnes*, only notice pleading is required. The court believes that the complaint is sufficient to put defendants on notice as to a negligent entrustment claim. In their reply in support of summary judgment, defendants specify that, to the extent plaintiffs raised a negligent entrustment count, that count is not addressed by defendants' motion for summary judgment. Defendants state, "It was not clear that the Plaintiffs asserted a claim for negligent entrustment, as there is no Count in the Complaint asserting that claim. However, the word 'entrust' is indeed buried among allegations of agency and employment in the Complaint, and Defendants recognize that only notice pleading is required."

Negligent entrustment requires a finding of the right to control whatever has been entrusted to another. There are several cases where the Court has considered negligent entrustment without a finding of agency or scope of employment. In *Pelletier v. Mellon Bank, N.A.*, 485 A.2d 1002 (Me. 1985), a passenger, his parents, and the Department of Human Services brought an action against the driver of a van and her former husband for injuries sustained in an automobile accident. The Court held that the negligent entrustment claim must fail because it was clear from the facts that the driver was the sole owner of the van and that her former husband had no right to control her use of the vehicle, regardless of any knowledge he may have had that his wife was an unfit driver or that the van had defective tires prior to transfer of ownership. *Id.* Similarly, in *Feeney v. Hanover Ins. Co.*, 711 A.2d 1296 (Me. 1998)., the common law theory of negligent entrustment failed because the relevant party did not surrender control over his vehicle. *Id.* at 1301, n.10.

11

Thus, the claim for negligent entrustment in these cases failed based on a lack of surrendering control or, in *Pelletier*, never having control to surrender. In neither case was agency or scope of employment at issue (or even involved in the case) in determining whether there was a claim for negligent entrustment.

Summary judgment was not brought as to the negligent entrustment claim. It is undisputed that defendant Kenny never possessed a Maine driver's license. It is also undisputed that the Lees knew Kenny did not have a license and authorized him to drive their vehicle anyway. Whether or not there is proof of causation is a jury question.

The entry will be:

> Defendant Estate of Orrin D. Lee and Carmen Lee's motion for summary judgment is DENIED to the extent consistent with the findings of this court and the law of the case.

Dated: February 19, 2003

Donald H. Marden
Justice, Superior Court

12

DIANE L BARNES  - PLAINTIFF

Attorney for: DIANE L BARNES
ROBERT STOLT
LIPMAN & KATZ PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

**DOCKET RECORD**

vs
ORRIN D LEE   - DEFENDANT

Attorney for: ORRIN D LEE
DAVID HERZER
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

CARMEN LEE   - DEFENDANT

Attorney for: CARMEN LEE
DAVID HERZER
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

CLIFFORD L KENNY  - DEFENDANT

Attorney for: CLIFFORD L KENNY
FREDERICK MOORE
ROBINSON KRIGER & MCCALLUM
12 PORTLAND PIER
PO BOX 568
PORTLAND ME 04112-0568

Filing Document: COMPLAINT                    Minor Case Type: AUTO NEGLIGENCE
Filing Date: 08/29/2001

## Docket Events:

08/29/2001 FILING DOCUMENT - COMPLAINT FILED ON 08/29/2001

08/29/2001 Party(s):  DIANE L BARNES
          ATTORNEY - RETAINED ENTERED ON 08/29/2001
          Plaintiff's Attorney: ROBERT STOLT

09/17/2001 Party(s):  ORRIN D LEE,CARMEN LEE
          RESPONSIVE PLEADING - ANSWER FILED ON 09/17/2001
          DEFENDANTS ORRIN D. LEE AND CARMEN LEE'S ANSWER TO COMPLAINT, FILED.  S/D. HERZER, ESQ.

09/17/2001 Party(s):  ORRIN D LEE
          ATTORNEY - RETAINED ENTERED ON 09/17/2001
          Defendant's Attorney: DAVID HERZER