**STATE of Maine**

v.

**Franklin PRIOR.**

Supreme Judicial Court of Maine.

Argued June 7, 1995.

Decided July 20, 1995.

---

Geoffrey Rushlau, Dist. Atty., Erik Laurentz, Patricia Mador (orally), Asst. Dist. Attys., Wiscasset, for the State.

Benet Pols (orally), Brunswick, for defendant.

226

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

## WATHEN, Chief Justice.

Defendant Franklin Prior appeals from a judgment entered in the Superior Court (Lincoln County, *Atwood, J.*) following a jury verdict finding him guilty of operating a watercraft under the influence of intoxicating liquor, 12 M.R.S.A. § 7801(9) (1994), failure to sign a summons, 17–A M.R.S.A. § 15–A (1994), and failure to obey an order of the harbormaster, 38 M.R.S.A. § 13 (1994). Defendant argues that the court should have found a discovery violation pursuant to M.R.Crim.P. 16(b),[1] and dismissed the charges. We disagree and affirm the judgment.

On September 25, 1993, the Deputy Harbor Master of Boothbay Harbor observed defendant operating his forty-three foot commercial fishing vessel at excessive speed in an area of Boothbay Harbor designated as an "idle speed no wake" zone. After unsuccessfully attempting to stop defendant, the deputy enlisted the assistance of the United States Coast Guard. The Coast Guard responded first in a seventeen foot craft and later with a forty-four foot craft. Defendant finally stopped his vessel and was boarded by a Boothbay police officer, a Lincoln County Sheriff's Deputy and several members of the Coast Guard. Defendant was arrested and taken to the Boothbay Harbor Police Department. He was charged with operating a watercraft while under the influence, failure to obey an order of the harbormaster, and refusal to sign a summons. Defendant's motion to suppress evidence resulting from the stop was denied by the District Court (Wis-

casset, *Field, J.*). Defendant filed a request for a jury trial and the case was transferred to the Superior Court.

At the trial, during defendant's cross examination of a Coast Guard Petty Officer, it became apparent that the officer was referring to a report or notes that had not been made available to defendant through discovery. The officer testified that there were four Coast Guard reports concerning the incident: a Boarding Report, a situation report, a Supplemental Boarding Report, and a dispatcher's log. The court recessed to allow defendant to interview the officer. Defendant determined that neither the Supplemental Boarding Report nor the dispatcher's log had been provided to him through discovery. The State informed the court that it had been unaware of the existence of these two Coast Guard reports. Defendant then moved to strike the Petty Officer's testimony. The court denied the motion, holding that there was no discovery violation because the Coast Guard is not a state or local agency under Rule 16(b). The court, however, noting its responsibility to assure that defendant had a full and fair opportunity to contest the State's evidence, gave the defendant the opportunity to further postpone cross-examination of the Petty Officer, and instructed the State to make the witness available to defendant for an additional interview. The next morning, after conducting the additional interview, defendant moved for dismissal of the charges pursuant to M.R.Crim.P. 16(d).[2] After argument, the court found no discovery violation and denied defendant's motion. The jury convicted defendant on all charges. He now appeals those convictions.

■ Defendant argues that the State violated Rule 16(b) by failing to make the Coast

---

1. M.R.Crim.P. 16(b) provides in pertinent part: (1) *Duty of the Attorney for the State.* Upon the defendant's written request, the attorney for the state, except as provided in subdivision (3), shall allow access at any reasonable time to those matters specified in subdivision (2) which are within the attorney for the state's possession or control. The attorney for the state's obligation extends to matters within the possession or control of any member of the attorney for the state's staff and of any official or employee of this state or any political subdivision thereof who regularly reports or with reference to the particular case has reported to the attorney for the state's office.

2. M.R.Crim.P. 16(d) provides in pertinent part:

If the attorney for the state fails to comply with this rule, the court on motion of the defendant or on its own motion may take appropriate action, which may include, but is not limited to, one or more of the following: requiring the attorney for the state to comply, granting the defendant additional time or a continuance, relieving the defendant from making a disclosure required by Rule 16A, prohibiting the attorney for the state from introducing specified evidence and dismissing charges with prejudice.

Guard reports available to him through discovery. He reasons that the Coast Guard was acting as an agent for the Boothbay Harbor Police and consequently the reports were within the possession or control of the attorney for the State. Defendant also argues that pursuant to 14 U.S.C.S. § 141(a) (1978), the Coast Guard is permitted to assist state and local authorities, and that when such assistance is provided, the Coast Guard personnel involved are deemed, by 14 U.S.C.S. § 89(b) (1978), to be acting as agents of that state or local authority.[3] Defendant asserts that, therefore, the court's refusal to find a discovery violation was an error of law.

■ Rule 16(b) clearly specifies that the obligation of the attorney for the State extends only to matters within the possession or control of any official or employee of "this state or any political subdivision thereof." Although defendant argues that the Coast Guard was acting as an agent of the Boothbay Police, there is no evidence in this record to support his contention. Agency is a fiduciary relationship resulting from an agreement that one party will act on behalf of, and subject to the control of the other. *See Libby v. Concord General Mut. Ins. Co.*, 452 A.2d 979 (Me.1982). The record contains no evidence demonstrating either an express, implied, or apparent agency relationship. Furthermore, the plain language of 14 U.S.C.S. § 89(B) creates no agency relationship when the Coast Guard is assisting a state or local authority in enforcing its ordinances. Because the Coast Guard reports at issue were not within the possession or control of the state, no discovery violation was committed.

The entry is:

Judgments affirmed.

All concurring.

3. 14 U.S.C.S. § 141(a) provides that "[t]he Coast Guard may, when so requested by proper authority, utilize its personnel and facilities to assist any Federal agency, State, Territory, possession, or political subdivision thereof ... to perform any activity for which such personnel and facilities are especially qualified." 14 U.S.C.S. § 89(b) provides that the Coast Guard, "insofar as they are engaged, pursuant to the authority contained in this section in enforcing any law of the United States shall ... be deemed to be acting as agents of the particular executive department or independent establishment charged with the administration of the particular law...."