STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-00-017

6AB-YOR- 4/6/2001

AMERICAN MONEY CENTERS, INC.,

Plaintiff

v.                                                  ORDER

WILLIAM LAULETTA, et al.,

Defendants

## FACTUAL BACKGROUND

This matter is before the Court on Plaintiff's Motion for Summary Judgment.

On May 28, 1999, William Lauletta executed and delivered a Note in the amount of $79,100.00 to American Money Centers, Inc. (American). This Note was secured by a mortgage on Lauletta's residence in Wells, Maine. Lauletta allegedly has never made any payments on the Note. American alleges that Lauletta was sent notice of his right-to-cure pursuant to 14 M.R.S.A. § 6111 on August 20, 1999. American also alleges that a copy of this notice was sent to Lauletta's attorney. Lauletta denies receiving this notice. American filed a foreclosure complaint on December 17, 1999. Lauletta has counterclaimed alleging that American did not search the title prior to closing and thereby failed to discover and pay a priority lien on the subject property. According to Lauletta, the failure to properly search the title and pay off the priority lien resulted in his inability to refinance and obtain a new loan with more favorable terms. This counterclaim has been stayed pending the outcome of American's summary judgment motion.

## DISCUSSION

### Notice Pursuant to 14 M.R.S.A. § 6111

A party seeking summary judgment must satisfy the court that there is no genuine issue as to any material fact. Pelletier v. Mellon Bank, 485 A.2d 1002, 1003 (Me. 1985). Plaintiff's Summary Judgment Motion should be denied because a material issue of fact exists regarding whether or not Lauletta received notice of his right to cure pursuant to 14 M.R.S.A. § 6111.

Under 14 M.R.S.A. § 6111, if a mortgagor defaults, the mortgagee is prohibited from accelerating the unpaid balance unless notice is given to the mortgagor, informing the mortgagor of his right to cure within 30 days of the notice. In this case, American asserts that the required notice was mailed to Lauletta on August 20, 1999, via first class mail postage prepaid. See Affidavit of John Miale, ¶ 5. This is an acceptable method of delivery. See 14 M.R.S.A. § 6111(3)(B). According to 14 M.R.S.A. § 6111(3)(B), "the time when the notice is given to the mortgagor . . . is the date when the mortgagor . . . receives that notice. A post office department certificate of mailing to the mortgagor . . . is conclusive proof of receipt on the 3rd calendar day after mailing."

In the present case, Lauletta denies receiving the notice required by 14 M.R.S.A. § 6111. DSMF ¶ 15. Although American has provided a copy of the right-to-cure letter that was allegedly sent to Lauletta, they have not provided a post office certificate of mailing, which could conclusively establish that Lauletta received the letter. Because there is no conclusive evidence establishing that Lauletta received

2

the right-to-cure notice, a genuine issue of fact is generated precluding summary judgment.

At oral argument, counsel for American argued that the right-to-cure notice was also sent to Lauletta's attorney, Mark Kearns. Kearns neither admitted nor denied receiving this notice. If an agency relationship existed between Kearns and Lauletta, notice to Kearns would be imputed to Lauletta.

Agency is the fiduciary relationship "which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Libby v. Concord General Mutual Ins. Co., 452 A.2d 979, 981 (Me. 1982). An agency relationship may be "actual" or "apparent." There are two types of actual authority - express authority or implied authority. Id. Express authority is "that authority which is directly granted to or conferred upon the agent . . . in express terms by the principal." Id.

Implied authority is "actual authority circumstantially proven from the facts and circumstances attending the transaction in question." Id. at 982. Implied authority depends on the manifestation of consent by the principal and goes to the perception of the agent, not the third party. Id.

Finally, "apparent" authority is "that which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing." Id. Apparent authority exists only when the "conduct of the principal leads a third person to believe that a given party is his agent." Id.

Apparently Kearns represented Lauletta at the closing of the loan in question

3

on May 28, 1999. This representation would not give rise to an agency relationship post-closing. However, between May 28, 1999 and when the notice required by § 6111 was allegedly sent on August 20, 1999, Kearns continued to represent Lauletta in attempting to resolve the issue of the outstanding lien on Lauletta's property so Lauletta could refinance the loan. DSMF ¶ 11. There may be an issue of fact as to whether the relationship between Kearns and Lauletta could be characterized as an agency relationship such that notice to Kearns (if in fact Kearns received notice), can be imputed to Lauletta. See RESTATEMENT (SECOND) AGENCY § 9 (1957)("A person has notice of a fact if his agent has knowledge of the fact, reason to know it or should know it, or has been given a notification of it.") For this reason as well, Plaintiff's Motion for Summary Judgment should be denied.[1]

The clerk may incorporate this order in the docket by reference.

PLAINTIFF:
Susan J. Szwed, Esq.
PO BOX 9715-209
Portland, ME. 04104-5015

4/6/01 -

_____
G. Arthur Brennan
Justice, Superior Court

DEFENDANT:
MARK KEARNS ESQ
PO BOX 1528
WELLS ME 04090

---

[1] Plaintiff's Motion for Summary Judgment was filed when the "old" summary judgment rules were in effect. Plaintiff's reply memorandum was filed after the new rules took effect. Plaintiff's Motion for Summary Judgment and Reply Memorandum failed to follow the summary judgment procedures outlined in the old M.R.Civ. P. 7(d) and the new M.R.Civ.P. 56. More specifically, not all statements in Plaintiff's Motion for Summary Judgment were accompanied by record references as required by the old M.R.Civ.P. 7 (this is required under the new M.R.Civ.P. 56 as well). As well, Plaintiff did not respond to the nineteen additional facts contained in Lauletta's Statement of Material Facts. Under Rule 56, facts contained in an opposing statement of facts are deemed admitted unless properly controverted. Because the summary judgment rule change is recent, failure to comply with the rule is not dispositive of this case. However, in the future, the court will not accept less than strict compliance with the new summary judgment rules.

4