STATE OF MAINE                                   SUPERIOR COURT
KENNEBEC, ss.                                    CIVIL ACTION
                                                 Docket No. CV-07-85


DONNA DELONG
and CHARLES DELONG,

               Plaintiffs
v.                                               DECISION AND ORDER

MANIEGENERAL MEDICAL
CENTER, and PADIATH A.
ASLAM, M.D.,

               Defendants


        This case is before the court on the defendant MaineGeneral Medical Center

(MaineGeneral)'s motion for summary judgment on the plaintiffs' claims that

MaineGeneral is directly or vicariously liable for any negligence regarding the plaintiff

Donna Delong's diagnosis, treatment, or care.    For the following reasons, the

defendant's motion is granted.

FACTS

        The parties' statements of material facts, submitted pursuant to M.R. Civ. P.

56(h)(1), include the following undisputed material facts.    On or about June 29, 2001,

plaintiff Donna Delong was admitted to MaineGeneral for a "Roux-en-Y" laparoscopic

gastric bypass procedure. (Def.'s SUMF ¶ 1.)    The gastric bypass procedure was

performed by Dr. Padiath A. Aslam, M.D. (Dr. Aslam), an attending physician at

MaineGeneral. (Id. ¶ 3.) Dr. Aslam was granted privileges to practice medicine at

MaineGeneral as an attending physician. (Pls.' SAMF ¶ 1.)

During the surgery, Dr. Aslam observed that the suture line between the lower esophagus and small intestine (the anastomosis) was leaking. (Def.'s SUMF ¶ 4.)[1] On July 3, 2001, the third postoperative day, plaintiff was discharged from MaineGeneral. (Id. ¶ 6.) Plaintiff was readmitted to MaineGeneral on July 4, 2001 because of abdominal pain and was discharged on July 23, 2001. (Id. ¶ 7.) Between the end of July and October 2001, plaintiff elected to receive care from Dr. Guess at the Aroostook Medical Center, rather than MaineGeneral, for complications due to her gastric bypass surgery. (Id. ¶ 8.) The plaintiff Donna Delong sent Dr. Aslam a letter on July 25, 2001, informing Dr. Aslam that Dr. Guess would be managing her care and that she no longer would be under the care of Dr. Aslam. (Id. ¶ 9.) Plaintiff suffered complications after the June 29, 2001 surgery, including abscess, empyema, and underwent a splenectomy. (Id. ¶ 10.)

On March 16, 2007, the plaintiffs filed a complaint and alleged that, as a result of the defendants' conduct, the plaintiffs suffered injuries. (Compl. ¶ 19.) In the complaint, the plaintiffs allege that MaineGeneral was negligent in its supervision of hospital employees. (Def.'s SUMF ¶ 12.) Plaintiffs also allege, based on an actual or apparent agency theory, that MaineGeneral is vicariously liable for the alleged negligence attributable to Dr. Aslam in connection with his care of the plaintiff Donna Delong because of a relationship between MaineGeneral and Dr. Aslam. (Id. ¶ 13.) The plaintiff Donna Delong acknowledges that she selected Dr. Aslam because he represented himself as "a competent practitioner in the field of medicine," and not because of any affirmative representations made by MaineGeneral regarding Dr. Aslam's skill, qualifications, or relationship to the hospital. (Id. ¶ 14.)

---

[1] The parties dispute whether Dr. Aslam properly reinforced the anastomosis during surgery. (Def.'s SUMF ¶ 5; Pls.' RSUMF ¶ 5.)

2

## STANDARD OF REVIEW

[A]lthough summary judgment is no longer an extreme remedy, it is not a substitute for trial. It is, at base, "simply a procedural device for obtaining judicial resolution of those matters that may be decided without fact-finding." If facts material to the resolution of the matter have been properly placed in dispute, summary judgment based on those facts is not available except in those instances where the facts properly proffered would be flatly insufficient to support a judgment in favor of the nonmoving party as a matter of law.

Arrow Fastener Co. v. Wrabacon, Inc., 2007 ME 34, ¶ 18, 917 A.2d 123, 127 (quoting Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22).

## DISCUSSION

MaineGeneral's motion for summary judgment concerns only MaineGeneral's liability for the alleged negligence of Dr. Aslam. Specifically, MaineGeneral asserts that judgment should be entered in its favor on counts I, II, and IV[2] of the plaintiffs' complaint to the extent that the allegations in these counts are based on theories of liability that hold MaineGeneral liable for plaintiffs' injuries because of a relationship between Dr. Aslam and MaineGeneral.[3] (Def. Rep. Mem. at 1.)

The allegations in count II of plaintiffs' complaint are premised on the theory of vicarious liability. (Compl. ¶ 30.) Generally, an employer may be vicariously liable for the negligence of its employees, but not for the negligence of independent contractors. Legassie v. Bangor Publ'g Co., 1999 ME 180, ¶ 5, 741 A.2d 442, 444; (citing Bonk v. McPherson, 605 A.2d 74, 78 (Me. 1992) (referring to Restatement (Second) of Torts §§ 409-429 (1965)). The power to control is the most important factor in determining whether an individual is an employee or an independent contractor. See Timberlake v.

---

[2] Plaintiffs' complaint does not include a "count III."
[3] The allegations in the plaintiffs' complaint are apparently not premised on theories of "negligent supervision" or "corporate liability." (See Pls.' Mem. at 4.); see also Napieralski v. Unity Church of Greater Portland, 2002 ME 108, ¶¶ 6, 10, 802 A.2d 391, 392-93 (declining to recognize tort of negligent supervision); Gafner v. Down East Cmty. Hosp., 1999 ME 130, ¶¶ 31, 42, 44, 735 A.2d 969, 976, 979-80 (declining to recognize a "corporate liability" cause of action against hospitals and other medical facilities).

3

Frigon & Frigon, 438 A.2d 1294, 1296 (Me. 1982) (finding "the vital issue in proving an employee-employer relationship is whether or not the employer has the power of control or superintendence over" the other person); see also Taylor v. Kennedy, 1998 ME 234, ¶¶ 8, 9, 719 A.2d 525, 528; Murray's Case, 130 Me. 181, 186, 154 A. 352, 354 (1931) (listing eight "commonly recognized" tests to be considered in examining whether an employee or independent contractor relationship exists). The right to control the "details of the performance," found in an employment relationship must be distinguished from the right to control the result to be obtained, usually found in independent contractor relationships. See Lewiston Daily Sun v. Hanover Ins. Co., 407 A.2d 288, 292 (Me. 1979).

The plaintiffs rely on the undisputed facts that Dr. Aslam was granted privileges to practice medicine at MaineGeneral and that MaineGeneral requires Dr. Aslam to be insured to raise genuine issues of material fact regarding whether an employment relationship existed between Dr. Aslam and MaineGeneral. (Pls.' SAMF ¶¶ 1, 2.) The fact that a physician has been granted privileges is insufficient to raise such a genuine issue of material fact, particularly in light of the fact that physicians are generally considered independent contractors. See Gafner v. Down East Cmty. Hosp., 1999 ME 130, ¶¶ 39, 43, 735 A.2d 969, 978-80 (refusing to recognize a claim based on corporate liability partly because "creating a duty on the part of hospitals to control the actions of those physicians who have traditionally been considered independent contractors may shift the nature of the medical care provided by those physicians"[4]). Further, the fact that MaineGeneral does not insure Dr. Aslam but requires him to maintain insurance

---

[4] The Court in Gafner specifically noted that in refusing to recognize corporate liability for hospitals, the Court did not intend to incorporate "concepts of vicarious liability or other types of direct liability occasioned by a hospital's breach or a previously recognized duty." Gafner, 1999 ME 130, ¶ 31, 735 A.2d at 976.

supports the independent nature of the hospital-physician arrangement. Finally, the statutory and regulatory provisions relied on by the plaintiffs do not create an obligation on the part of hospitals to exercise control over attending physicians. See 42 C.F.R. 482.12 (2007)[5]; 24 M.R.S. § 2503 (2007); see also Gafner, 1999 ME 130, ¶ 39, 735 A.2d at 978-79 (finding that although the Legislature had considered the relationship between hospitals and physicians, citing 24 M.R.S. § 2503, it had "not chosen to place upon hospitals a specific duty to regulate the medical decisions of the physicians practicing within the facility").

With regard to the issue of apparent authority, the Law Court has stated:

> "[A]pparent" authority is "that which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing." Apparent authority exists only when the "*conduct of the principal* leads a third person to believe that a given party is his agent."

Libby v. Concord Gen. Mut. Ins. Co., 452 A.2d 979, 982 (Me. 1982) (citations omitted); see also Williams v. Inverness Corp., 664 A.2d 1244, 1246 (Me. 1995) (quoting The Restatement (Second) of the Law of Agency § 267 (1958)) ("One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care and skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other

---

[5] The Department of Health and Human Services states that this provision was

> intended to clarify that the hospital has ultimate responsibility for services, whether they are provided directly, such as by its own employees, by leasing, or through arrangement, such as formal contracts, joint ventures, informal agreements, or shared services. Because many contracted services are integral to direct patient care and are important aspects of health and safety, a hospital cannot abdicate its responsibility simply by providing that service through a contract with an outside resource. For purposes of assuring adequate care, the nature of the arrangement between the hospital and the "contractor" is irrelevant.

Medicare and Medicaid Programs; Conditions of Participation for Hospitals, 51 Fed. Reg. 22010 (June 17, 1986) (to be codified at 42 C.F.R. pts. 405, 412, 416, 417, 440, 441, 456, 482, and 489). This provision, like 24 M.R.S. § 2503, was in effect at the time Gafner was decided.

5

agent as if he were such."). To the extent the plaintiffs rely on apparent authority[6] and assuming for the purpose of argument that the apparent agency doctrine properly extends to the hospital-physician relationship,[7] plaintiffs have failed to raise a genuine issue of material fact regarding any conduct by MaineGeneral that led them to believe that Dr. Aslam was MaineGeneral's agent. In fact, plaintiff Donna Delong admits that she selected Dr. Aslam "because he represented himself as 'a competent practitioner in the field of medicine' and not because of any affirmative representations made by MaineGeneral regarding Dr. Aslam's skill, qualifications, or relationship to the hospital." (Def.'s SUMF ¶ 14.)

The entry is

> The Defendant MaineGeneral Medical Center's Motion for Summary Judgment is GRANTED as follows: Defendant MaineGeneral Medical Center is not liable for any negligence on the part of Defendant Padiath A. Aslam, M.D.

Date: September 25, 2008

Nancy Mills
Justice, Superior Court

KENN-CV-07-85

---

[6] In paragraphs 27 and 30 of their complaint, the plaintiffs allege the existence of an agency relationship between MaineGeneral and its "apparent agents." The plaintiffs do not address this issue in their memorandum and do not respond to MaineGeneral's arguments.

[7] The parties have not provided, and this court has not found, a Law Court decision applying this theory to the hospital-physician relationship.

6

DONNA DELONG  - PLAINTIFF
P.O. BOX 1104
WESTFIELD ME 04787
Attorney for: DONNA DELONG
CHRISTIAN C FOSTER  - RETAINED 03/16/2007
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

CHARLES DELONG  - PLAINTIFF
P.O. BOX 1104
WESTFIELD ME 04787
Attorney for: CHARLES DELONG
CHRISTIAN C FOSTER  - RETAINED 03/16/2007
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112


vs
MAINEGENERAL MEDICAL CENTER - DEFENDANT
149 NORTHERN AVENUE,
AUGUSTA ME 04330
Attorney for: MAINEGENERAL MEDICAL CENTER
ROBERT NEWTON  - RETAINED
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

PADIATH A ASLAM M.D.  - DEFENDANT
431 FRANKLIN STREET,
RUMFORD ME 04276
Attorney for: PADIATH A ASLAM M.D.
MARK LAVOIE  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112


SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2007-00085


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: MEDICAL MALPRACTICE
Filing Date: 03/16/2007

## Docket Events:
03/16/2007 FILING DOCUMENT - COMPLAINT FILED ON 03/16/2007

03/16/2007 Party(s):  DONNA DELONG
          ATTORNEY - RETAINED ENTERED ON 03/16/2007
          Plaintiff's Attorney: CHRISTIAN C FOSTER

03/16/2007 Party(s):  CHARLES DELONG
          ATTORNEY - RETAINED ENTERED ON 03/16/2007
          Plaintiff's Attorney: CHRISTIAN C FOSTER

03/16/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 03/16/2007
           Plaintiff's Attorney:  CHRISTIAN C FOSTER
           MAILED TO ATTY. OF RECORD.

03/19/2007 Party(s):  MAINEGENERAL MEDICAL CENTER
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 03/15/2007
           Defendant's Attorney: ROBERT NEWTON

03/19/2007 Party(s):  MAINEGENERAL MEDICAL CENTER
           ATTORNEY - RETAINED ENTERED ON 03/19/2007
           Defendant's Attorney: ROBERT NEWTON

03/22/2007 Party(s):  MAINEGENERAL MEDICAL CENTER
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 03/22/2007
           Defendant's Attorney: ROBERT NEWTON

04/26/2007 Party(s):  PADIATH A ASLAM M.D.
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 04/15/2007
           PADIATH ASLAM, M.D.

05/04/2007 Party(s):  PADIATH A ASLAM M.D.
           RESPONSIVE PLEADING - ANSWER FILED ON 05/04/2007
           Defendant's Attorney: MARK LAVOIE

05/04/2007 Party(s):  PADIATH A ASLAM M.D.
           ATTORNEY - RETAINED ENTERED ON 05/04/2004
           Defendant's Attorney: MARK LAVOIE

05/07/2007 ORDER - SCHEDULING ORDER ENTERED ON 05/07/2007
           S KIRK STUDSTRUP , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

05/07/2007 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 01/07/2008

05/07/2007 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 05/07/2007
           S KIRK STUDSTRUP , JUSTICE

05/10/2007 Party(s):  PADIATH A ASLAM M.D.
           JURY FILING - DEMAND FOR JURY TRIAL FILED ON 05/10/2007
           Defendant's Attorney: MARK LAVOIE
           JURY FEE PAID IN THE AMOUNT OF $300.00

05/29/2007 Party(s):  DONNA DELONG,CHARLES DELONG
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/25/2007
           Plaintiff's Attorney:  CHRISTIAN C FOSTER
           PLTFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFT MAINEGENERAL MEDICAL
           CENTER; PLTFS' FIRST SET OF INTERROGATORIES TO DEFT MAINEGENERAL MEDICAL CENTER, SERVED ON
           R. NEWTON, ESQ. ON 05/23/07.

06/05/2007 Party(s):  DONNA DELONG,CHARLES DELONG
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/05/2007

Plaintiff's Attorney:  CHRISTIAN C FOSTER
PLTFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFT PADIATH A. ASLAM, M.D.;
PLTFS' FIRST SET OF INTERROGATORIES TO DEFT PADIATH A. ASLAM, M.D., SERVED ON M. LAVOIE,
ESQ. ON 05/23/07.

06/29/2007 Party(s):  PADIATH A ASLAM M.D.
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/26/2007
           Defendant's Attorney: MARK LAVOIE
           P. ASLAM, M.D.'S OBJECTIONS TO PLTF'S FIRST SET OF INTERROGATORIES; P. ASLAM, M.D.'S
           OBJECTION AND RESPONSES TO PLTF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, SERVED ON D.
           LILLEY, ESQ. ON 06/25/07.

10/11/2007 Party(s):  DONNA DELONG,CHARLES DELONG
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/10/2007
           Plaintiff's Attorney:  CHRISTIAN C FOSTER
           PLT EXPERT DESIGNATION SERVED ON MARK LAVOIE ON OCT 6 2007

10/25/2007 Party(s):  MAINEGENERAL MEDICAL CENTER
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/25/2007
           Defendant's Attorney: ROBERT NEWTON
           DEFENDANT MAINEGENERAL MEDICAL CENTER'S ANSWERS TO INTERROGATORIES AND MAINEGENERAL
           MEDICAL CENTER'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON CHRISTIAN
           FOSTER, ESQ. ON 10/23/2007

11/27/2007 Party(s):  PADIATH A ASLAM M.D.
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/21/2007
           Defendant's Attorney: MARK LAVOIE
           FIRST SET OF INTERROGATORIES PROPOUNDED UPON PLAINTIFF BY DEFENDANT PADIATH ASLAM, M.D.
           AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON PLAINTIFF BY DEFENDANT
           PADIATH ASLAM, M.D. SERVED ON DANIEL LILLEY, ESQ. ON 11/20/07.

12/18/2007 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 12/18/2007
           NANCY  MILLS , JUSTICE

12/21/2007 Party(s):  DONNA DELONG,CHARLES DELONG
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/20/2007
           Plaintiff's Attorney:  CHRISTIAN C FOSTER
           PLT'S ANSWERS TO FIRST SET OF INTERROGATORIES BY PADIATH ASLAM, MD AND REQUEST FOR
           PRODUCTION BY PARIAH ASLAM, MD SERVED ON ATTY LAVOIE ON 12/20/07 AND FILED 12/21/07.

01/04/2008 Party(s):  DONNA DELONG,CHARLES DELONG
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/31/2007
           Plaintiff's Attorney:  CHRISTIAN C FOSTER
           PLT'S FIRST REQUEST FOR ADMISSION PROPOUNDED UPON DEF PADIATH ASLAM MD SERVED ON ATTY
           LAVOIE ON 12/20/07.

01/07/2008 Party(s):  PADIATH A ASLAM M.D.
           MOTION - MOTION EXTEND DISCOVERY FILED ON 01/04/2008
           Defendant's Attorney: MARK LAVOIE
           DEFT PADIATH ASLAM, MD'S UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINE

01/15/2008 Party(s):  DONNA DELONG,CHARLES DELONG
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/14/2008

Plaintiff's Attorney: CHRISTIAN C FOSTER
PLTFS' OBJECTIONS TO THE NOTICE TO TAKE ORAL DEPOSITION OF DR. RANDOLPH REINHOLD, SERVED ON M. LAVOIE, ESQ. ON 01/11/08.

01/16/2008 Party(s): PADIATH A ASLAM M.D.
MOTION - MOTION EXTEND DISCOVERY GRANTED ON 01/15/2008
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL

01/16/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 03/07/2008

01/23/2008 Party(s): DONNA DELONG,CHARLES DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/18/2008

01/28/2008 Party(s): DONNA DELONG,CHARLES DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/15/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLT'S SUPPLEMENTAL RESPONSE TO DEF'S REQUEST FOR PRODUCTION SERVED ON ATTY WUESTHOFF ON 1/14/08.

01/28/2008 Party(s): DONNA DELONG,CHARLES DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/28/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PL'TS OBJECTIONS TO THE NOTICE TO TAKE ORAL DEP OF LAWRENCE COPP SERVED ON ATTY LAVOIE ON 1/25/08.

01/28/2008 Party(s): DONNA DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/24/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLT'S OBJECTIONS TO THE NOTICE OF TAKE ORAL DEPSOSITION OF DR. RANDOLPH REINHOLD SERVED ON ATTY LAVOIE ON 1/23/08.

02/01/2008 Party(s): DONNA DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/31/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLT'S OBJECTIONS TO THE NOTICE TO TAKE ORAL DEPO OF VICTORIA GROVER SERVED ON ATTY LAVOIE ON 1/29/08.

02/06/2008 ORDER - CONFERENCE REPORT & ORDER ENTERED ON 02/05/2008
NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPY TO PARTIES/COUNSEL

02/12/2008 Party(s): DONNA DELONG,CHARLES DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/12/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLT'S ANSWERS TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEF PADIATH ASLAM MD SERVED ON ATTY LAVOIE ON 2/11/08.

02/12/2008 Party(s): DONNA DELONG,CHARLES DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/12/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLT'S SUPPLEMENTAL RESPONSE TO DEEF'S REQUEST FOR PRODUCTIONS SERVED ON ATTY LAVOIE ON

2/7/08.

02/14/2008 Party(s): DONNA DELONG,CHARLES DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/14/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLTF'S SUPPLEMENTAL RESPONSE TO DEFT'S REQUEST FOR PRODUCTION - TAMC X-RAYS, SERVED ON M.
LAVOIE, ESQ. ON 02/13/08.

02/25/2008 Party(s): DONNA DELONG,MAINEGENERAL MEDICAL CENTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/25/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PL'TS SUPPLEMENTAL RESPONSE TO DEF'S REQUESTS FOR PRODUCTION SERVED ON ATTY LAVOIE AND
FILED 2/21/08.

02/26/2008 Party(s): MAINEGENERAL MEDICAL CENTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/21/2008
Defendant's Attorney: ROBERT NEWTON
DEFT MAINEGENERAL MED CTR'S DESIGNATION OF EXPERT WITNESS; MAINEGENERAL MED CTR'S
RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SERVED ON C. FOSTER, ESQ. ON 02/20/08.

03/07/2008 Party(s): PADIATH A ASLAM M.D.
MOTION - MOTION EXTEND DISCOVERY FILED ON 03/06/2008
Defendant's Attorney: NOAH WUESTHOFF
DEFT PADIATH ASLAM, M.D.'S SECOND MOTION TO EXTEND DISCOVERY DEADLINE, W/ EXHIBITS A AND
B. PROPOSED ORDER.

03/26/2008 Party(s): DONNA DELONG,CHARLES DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/26/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
NOTICE TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF DR SETH KARP

04/02/2008 Party(s): DONNA DELONG,CHARLES DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/31/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLT'S SUPPLEMENTAL RESPONSE TO DEF'S REQUEST FOR PRODUCTION SERVED ON ATTY LAVOIE ON
3/28/08.

04/02/2008 Party(s): PADIATH A ASLAM M.D.
MOTION - MOTION EXTEND DISCOVERY GRANTED ON 04/01/2008
NANCY MILLS , JUSTICE
COPY TO ATTYS FOSTER, NEWTON, LAVOIE

04/02/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 05/07/2008

04/08/2008 Party(s): DONNA DELONG,CHARLES DELONG
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/04/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLT'S OBJECTION TO TAKE ORAL DEPOSITION OF WARREN HOULETTE SERVED ON ATTY LAVOIE ON
4/3/08.

04/16/2008 Party(s): DONNA DELONG,CHARLES DELONG
OTHER FILING - OTHER DOCUMENT FILED ON 04/04/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER

PLAINTIFF'S OBJECTIONS TO NOTICE TO TAKE ORAL DEPOSITION OF WARREN HOULETTE

05/08/2008 ORDER - FINAL PRETRIAL ORDER ENTERED ON 05/08/2008
NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPY TO ATTYS
FOSTER, NEWTON, LAVOIE

05/14/2008 TRIAL - TRAILING LIST SCHEDULED FOR 05/08/2008
JUNE 17 TO AUGUST 1

05/29/2008 Party(s): DONNA DELONG,CHARLES DELONG
MOTION - MOTION TO CONTINUE FILED ON 05/22/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLTFS' UNOPPOSED MOTION TO CONTINUE TRIAL

05/30/2008 TRIAL - TRAILING LIST CONTINUED ON 05/29/2008
NANCY MILLS , JUSTICE

05/30/2008 Party(s): DONNA DELONG,CHARLES DELONG
MOTION - MOTION TO CONTINUE GRANTED ON 05/29/2008
NANCY MILLS , JUSTICE
COPIES TO PARTIES/COUNSEL

06/18/2008 Party(s): MAINEGENERAL MEDICAL CENTER
MOTION - MOTION SUMMARY JUDGMENT FILED ON 06/16/2008
Defendant's Attorney: ROBERT NEWTON
DEFT MAINEGENERAL MED CTR'S MOTION FOR SUMMARY JUDGMENT, STATEMENT OF UNDISPUTED MATERIAL
FACTS, PROPOSED ORDER.

06/18/2008 Party(s): MAINEGENERAL MEDICAL CENTER
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/16/2008
Plaintiff's Attorney: ROBERT NEWTON
DEFT MAINEGENERAL MED CTR'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO FILE ITS MOTION
FOR SUMMARY JUDGMENT. PROPOSED ORDER.

07/08/2008 Party(s): MAINEGENERAL MEDICAL CENTER
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 06/18/2008
NANCY MILLS , JUSTICE
COPIES TO PARTIES/COUNSEL

07/11/2008 Party(s): DONNA DELONG,CHARLES DELONG
OTHER FILING - OPPOSING MEMORANDUM FILED ON 07/02/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLTF'S OPPOSITION TO DEFT MAINEGENERAL MED CTR'S MOTION FOR SUMMARY JUDGMENT

07/11/2008 Party(s): DONNA DELONG,CHARLES DELONG
OTHER FILING - REPLY MEMORANDUM FILED ON 07/02/2008
Plaintiff's Attorney: CHRISTIAN C FOSTER
PLTF'S RESPONSE TO DEFT MAINEGENERAL'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND
STATEMENT OF ADDITIONAL MATERIAL FACTS

07/11/2008 OTHER FILING - TRANSCRIPT FILED ON 07/02/2008
DEPOSITION OF WILLIAM DANIEL ROBERTS, 12/01/04

07/11/2008 OTHER FILING - TRANSCRIPT FILED ON 07/02/2008
DEPOSITION OF PADIATH A. ASLAM, M.D., 05/04/04

07/11/2008 OTHER FILING - TRANSCRIPT FILED ON 07/02/2008
DEPOSITION OF RANDOLPH REINHHOLD, M.D., 02/22/08

07/15/2008 Party(s): MAINEGENERAL MEDICAL CENTER
OTHER FILING - REPLY MEMORANDUM FILED ON 07/08/2008
Plaintiff's Attorney: ROBERT NEWTON
DEFT MAINEGENERAL'S REPLY TO PLTF'S ADDITIONAL STATEMENTS OF MATERIAL FACT

07/15/2008 Party(s): MAINEGENERAL MEDICAL CENTER
OTHER FILING - OPPOSING MEMORANDUM FILED ON 07/08/2008
Defendant's Attorney: ROBERT NEWTON
DEFT MAINEGENERAL'S REPLY TO PLTF'S OPPOSITION TO MAINEGENERAL'S MOTION FOR SUMMARY
JUDGMENT

09/10/2008 TRIAL - TRAILING LIST SCHEDULED FOR 09/09/2008
OCT 8 TO NOV 26

09/16/2008 Party(s): MAINEGENERAL MEDICAL CENTER,PADIATH A ASLAM M.D.
MOTION - MOTION FOR SPECIAL ASSIGNMENT FILED ON 09/15/2008
Defendant's Attorney: NOAH WUESTHOFF
JOINT MOTION FOR SPECIAL ASSIGNMENT, NOTICE OF HEARING

09/25/2008 Party(s): MAINEGENERAL MEDICAL CENTER
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 09/25/2008
NANCY  MILLS , JUSTICE
THE DEFENDANT MAINEGENERAL MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT IS GRANTED AS
FOLLOWS: DEFENDANT MAINEGENERAL MEDICAL CENTER IS NOT LIABLE FOR ANY NEGLIGENCE ON THE
PART OF DEFENDANT PADIATH A. ASLAM, M.D.          COPY TO ATTYS FOSTER, LILLEY, NEWTON,
AND LAVOIE.  COPY W/ DOCKET RECORD TO GARBRECHT LAW LIBRARY, DEBORAH FIRESTONE, AND DONALD
GOSS.

A TRUE COPY
ATTEST: _____
                         Clerk