STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss                             DOCKET NO. CV-07-37


R.F. JORDAN & SONS CONSTRUCTION, INC.
        Plaintiff

        v

WILLIAM B. GARLAND, CHRISTINA A. MILLER
and TAMMY SPROUL
        Defendants

_____

WILLIAM B. GARLAND and
CHRISTINA A. MILLER
        Third-Party Plaintiffs

        v

TAMMAC HOLDINGS, INC.
        Third-Party Defendant

DONALD L. GARBRECHT
LAW LIBRARY

APR


## DECISION


This decision is prompted by the Rule 12(b)(6) Motion to Dismiss filed by the Third-Party Defendant Tammac Holdingss, Inc. (hereinafter Tammac).[1]

## Facts

The complaint concisely alleges that the Plaintiff Jordan submitted a proposal to do work for the defendants Garland and Miller (hereinafter Garland) at their property in Fletchers Landing, Hancock County. The proposal was accepted, Plaintiff Jordan did the work and has not been paid.

_____

[1] This Motion was supported by affidavits which had the effect of converting it to a Motion for Summary Judgment per Rule 12(b) M.R.Civ.P.

1

The Third-Party Complaint broadens the factual context by alleging that Garland contracted with Sproul to purchase from Sproul a home that was to be installed by Sproul. It is alleged that Sproul obtained financing for Garland for the purchase and installation through Tammac Holdings, Inc (hereinafter Tammac). It is alleged that Tammac provided financing to Garland in return for a note and mortgage from Garland. It is further alleged that as part of the conditions of the financing between Tammac and Garland, Sproul was to act as general contractor for the project. Sproul allegedly submitted a bid to Tammac which included the bid of Jordan as a sub-contractor. It is alleged that Tammac reviewed and approved Sproul's bid as general contractor and Tammac managed the financing, ultimately disbursing all sums to Sproul.

## Legal standard

Summary judgment is appropriate "if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. In its statement of material facts, a party "must explicitly admit, deny, or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 10, 824 A.2d 48, 52 (quoting *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6 n. 5, 770 A.2d 653, 655). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." *Stanley v. Hancock County Comm'rs*, 204 ME 157, ¶ 13, 864 A.2d 169, 174. In evaluating material facts, the trial court shall consider only those portions of the record referred to in the statement of material facts. *Corey v. Norman, Hanson & Detroy* 1999 ME 196, ¶8, 742 A.2d 933, 938. The trial court must give the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶9, 784 A.2d 18, 22.

Tammac argues that it stands, at most, in the relationship of mortgagor/mortgagee with Garland and as

2

such has no fiduciary responsibility or duty of care that would support a negligence claim. It cites *Camden National Bank v. Crest Construction, Inc.* 2008 ME 113, 952 A.2d 213, for those propositions. In this case, unlike *Camden National*, the relationship between Garland and Tammac is that of borrower and lender (See Mahon Affidavit, Ex. 1) which distinguishes it from the *Camden National* case.

Sproul, the dealer, arranged financing for Garland by communicating directly with Tammac. Garland had no direct communication with Tammac (Third-Party Defendant Statement of Material Fact - hereinafter TPDSOMF - #7; Mahon Affidavit #7). However, Sproul as dealer has a pre printed form from Tammac which authorizes "each installment funded by Tammac… to be issued directly to the seller (Sproul) … upon written certification from the Seller as general contractor … that the work is in good order … and that the specified stage of the project is completed." [See Exhibit 3 to the Mahon affidavit]. In this case, that form was signed by Sproul as Seller and Garland/Miller.

Tammac denies any express authority being conveyed to Sproul (See ¶2 of Mahon Supplemental Affidavit of 12/5/08). Authority to create an agency may be either express or implied. *Libby v. Concord General Mutual Insurance Co.* 452 A.2d 979, 981 (Me. 1982). Notwithstanding that denial, the agency relationship itself may be either actual or apparent. *Id* "Apparent authority is that which though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing. Apparent authority exists only when the "conduct of the principal leads a third person to believe that a given party is his agent." *Williams v. Inverness Corp.* 664 A.2d 1244, 1246 (ME. 1995; *Libby*, supra at 982)

In talking about apparent authority, the Restatement (Second) of the Law of Agency §267 provides:
> "One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care and skill of such apparent agent is subject to liability to the third person for harm caused by lack of care or skill of the one appearing to be a servant or other agent as if he were such." *Williams v. Inverness Corp.*, supra at 1246.

## Conclusion

A review of the Third-Party Plaintiff's response to Defendant's Statement of Material Facts, supplemented by the affidavit of Third-Party Plaintiff Miller, makes it clear to the Court that there are contested issues of material facts on the issue of agency which makes granting of the Motion for Summary Judgment filed by the Third-Party Defendant inappropriate given the legal standard and the applicable law. Third-Party Defendant's Motion for Summary Judgment is DENIED.

At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a) M.R.Civ.P.

Dated: March 10, 2009

Kevin M. Cuddy
Justice, Superior Court

RECEIVED & FILED

MAR 10 2009

HANCOCK COUNTY
COURTS

4